THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAVIER TAPIA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NAPHCARE, INC. and PIERCE COUNTY,<br><br>　　　　　　　Defendants. | CASE NO. C22-1141-JCC<br><br>ORDER |

　　　This matter comes before the Court on Defendant NaphCare, Inc.'s motion for partial reconsideration[1] (Dkt. Nos. 35). Having thoroughly considered the briefing and relevant record, the Court DENIES the motion for the reasons explained herein.

　　　NaphCare asks the Court to reconsider its ruling denying NaphCare's motion to dismiss a Section 1983 claim brought against it pursuant to *Monell* liability. (*Id.* at 2.) NaphCare contends that the Court committed manifest error when assessing the sufficiency of Plaintiff's allegations in support of the claim, at least regarding the link between the conduct or omissions described in

---

[1] Such motions are only appropriate in instances of "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). "[They] should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Ma v. Univ. of S. California*, 2019 WL 1239269, slip op. at 1 (W.D. Wash. 2019).

ORDER
C22-1141-JCC
PAGE - 1

the complaint and NaphCare's related policy, practice, or custom. (*Id.* at 2–4.) In support, NaphCare cites two sister-Court cases containing, what NaphCare suggests, are similar allegations. (*See id.* at 4–5 (citing *Smith v. NaphCare, Inc.*, Case No. C22-5069-DGE (W.D. Wash. 2022) and *Burghart v. NaphCare, Inc.*, Case No. C22-1248-TSZ (W.D. Wash. 2022).)

This argument is more akin to one based on new legal authority—not manifest error. But NaphCare cited *Smith* extensively in its motion and reply brief. (*See* Dkt. Nos. 19 at 6, 24 at 6.) And the Court is familiar with *Burghart*.[2] The Court simply found each inapposite, given the nature of their allegations, as compared to this case. This was particularly true, for purposes of the instant motion, regarding allegations as to (a) the policy, practice, or custom at issue, and (b) the detainees' medical conditions. Moreover, the Court notes that numerous persuasive cases have come out the other way. *See, e.g.*, *Kellogg v. Kitsap Cnty.*, 2013 WL 2181808, slip op. at 4 n.4 (W.D. Wash. 2013); *see also Rapp v. NaphCare Inc.*, 2023 WL 372825, slip op. at 1 (W.D. Wash. 2023) (addressing the sufficiency of *Monell* allegations against NaphCare for purposes of a discovery motion). The Court simply chose to follow those over *Smith* and *Burghart*.

Accordingly, NaphCare's motion for reconsider (Dkt. No. 35) is DENIED.

DATED this 27th day of June 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, NaphCare should have cited *Smith* in its original motion if it wished the Court to consider it. *See* LCR 7(h)(1) (in seeking reconsideration, legal authority must be brought forth "with reasonable diligence"); *see also Frausto v. Leg. Aid Soc. of San Diego, Inc.*, 563 F.2d 1324, 1327 n.8 (9th Cir. 1977) (discussing "counsel's professional duty to be scrupulously accurate in referring to . . . the authorities upon which he relies").