# EXHIBIT 17

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVIER TAPIA,

                Plaintiff,

    vs.

NAPHCARE, INC., and PIERCE COUNTY,

                Defendants.

No. 2:22-CV-01141

**DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendant NaphCare, Inc. ("NaphCare") serves the following Responses and Objections to Plaintiff's Interrogatories and Requests for Production ("Requests"; collectively "Discovery Requests").

## PRELIMINARY STATEMENT

The responses and objections set forth below are based upon such information that is presently available to NaphCare. NaphCare provides these responses and objections without prejudice to its right to assert additional objections and to amend or supplement any or all of the information contained in its responses as additional facts are ascertained, analyses are made, and research is completed. These responses and objections are made without waiving or intending to waive, but on the contrary, preserving:

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS
FOR PRODUCTION
(No. 2:22-CV-01141) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

a.  all assertions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof, in any proceeding in this action, including trial, or in any other action;

b.  the right to object on any ground to the use of said responses, or the subject matter hereof, in any proceeding in this action, including trial, or in any other action; and

c.  the right to object on any ground at any time to additional interrogatories, requests for production, or other discovery procedures involving or relating to the subject matter of these Interrogatories.

A partial answer to any Discovery Request that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

In responding to the Discovery Requests, NaphCare does not concede the competency, relevancy, materiality, or admissibility of the subject matter of the Discovery Request. Nothing contained in its responses and objections is to be construed as an admission by NaphCare concerning:

a.  the existence of any information or document;

b.  the relevance or admissibility of any information or document; or

c.  the truth or accuracy of any information, document, statement, construction, or characterization.

Moreover, any information conveyed in conjunction with NaphCare's responses and objections is not to be construed as an admission as to the competency, relevancy, materiality, or admissibility as evidence for any purpose in this action or in any other proceeding. NaphCare will respond to each Discovery Request, to the extent that no objection is made, based upon its interpretation and understanding of the Discovery Request.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## GENERAL OBJECTIONS

The following objections (the "General Objections") apply to each and every Discovery Request propounded by Plaintiff and are incorporated into each of the following specific responses by reference as if set forth in full in response to each individual Discovery Request. Any repetition is for emphasis only and not to the exclusion of any other General Objection.

1.      NaphCare objects to the Discovery Requests to the extent they seek to impose obligations greater than those imposed by the Federal Rules of Civil Procedure or applicable local rules.

2.      NaphCare objects to the Discovery Requests to the extent that they seek information that falls within any relevant privilege, including but not limited to the attorney-client, work product doctrine, quality improvement privilege, or that constitutes trial preparation materials within the meaning of Federal Rule of Civil Procedure 26(b)(4), or which is otherwise protected from discovery.

3.      NaphCare objects to the Discovery Requests to the extent they seek disclosure of confidential, proprietary, and trade secret information or information that is otherwise commercially sensitive not related to the care of Plaintiff.

4.      NaphCare objects to the Discovery Requests to the extent they seek information that is unreasonably cumulative or duplicative or in Plaintiff's possession, custody, or control.

5.      NaphCare objects to the Discovery Requests to the extent they seek information available to Plaintiff from public sources, for which the burden of obtaining such information is the same or less for Plaintiff as it is for NaphCare.

6.      NaphCare objects to the time period of the Discovery Requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

7.     NaphCare objects to the Discovery Requests to the extent they seek information that is more efficiently and appropriately obtained through some other form of discovery.

8.     NaphCare objects to the Discovery Requests to the extent they seek information that is not within NaphCare's possession, custody, or control, or not maintained by NaphCare in its ordinary course of business. NaphCare will provide only relevant, non-privileged information that is presently within NaphCare's possession, custody, or control and that it is able to identify after a reasonable investigation.

9.     NaphCare objects to the Discovery Requests to the extent they require, or purport to require, NaphCare to answer for third parties.

10.     NaphCare objects to the Discovery Requests to the extent they seek information of a third party that is in NaphCare's possession, custody, or control but is subject to an obligation of confidentiality and/or nondisclosure to the third party. NaphCare will provide such information and documents or things only to the extent it can do so consistent with such obligations.

11.     NaphCare objects to the definition of "you," "your," and "defendant" on the grounds that they are vague and ambiguous; cause the Discovery Requests to be overly broad in scope and thus unduly burdensome; cause the Discovery Requests to seek information which is neither relevant to any claim or defense nor proportional to the needs of the case; and lack foundation and call for speculation and/or a legal conclusion with respect to whether any person or entity is or purports to be a "representative, agent, [or] . . . person[] acting for it, on its behalf, or at its direction." For purposes of these Discovery Requests, NaphCare construes "defendant[,]" "you[,]" and "your" to mean NaphCare, Inc., and any employee or other person, other than NaphCare's legal counsel, acting within the scope of the authority actually conferred upon them by NaphCare.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

12.     NaphCare objects to the definition of "Subject Confinement" on the grounds that it is vague and ambiguous; cause the Discovery Requests to be overly broad in scope and thus unduly burdensome; cause the Discovery Requests to seek information which is neither relevant to any claim or defense nor proportional to the needs of the case.

13.     NaphCare objects to Instruction 8, which purports to request "all discoverable information that may be useful or necessary for the Court or counsel to analyze the alleged basis for non-production" for "any documents or materials are withheld from production on grounds of privilege or otherwise." This instruction requests information beyond what is required by Federal Rule of Civil Procedure 26(b)(5) and would result in the disclosure of information protected from discovery.

14.     NaphCare objects to Instruction 9, which purports to request certain narrative information regarding "document[s] or material[s] called for by a request [for production that] is known to have existed, but cannot now be located." This instruction is both unduly burdensome and not the proper subject of a request for production under Federal Rule of Civil Procedure 34. Moreover, any attempt to request this information through its interrogatories pursuant to Federal Rule of Civil Procedure 33 would quickly exceed the Rule's express imitation that Plaintiff can serve "no more than 25 written interrogatories."

15.     NaphCare objects the definition of "Identify" as unduly burdensome to the extent that it requests "the partnership, firm, association, corporation or other business, government or legal entity by which that person is employed or with which he or she is affiliated, and his or her position there if known."

16.     NaphCare objects to any interrogatory to the extent it exceeds Federal Rule of Civil Procedure 33's limit on the number of interrogatories, when accounting for all discrete sub-parts.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 5

17.    Subject to these General Objections, and to any specific objections stated below, Defendants expect to produce any responsive, non-privileged documents not already produced in a rolling production.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**INTERROGATORIES**

**INTERROGATORY NO. 1:** IDENTIFY every person associated with NaphCare, Inc. ("NaphCare" who had any responsibility of any kind or nature whatsoever (whether formal or informal) for investigating or inquiring into any aspect of the facts or circumstances surrounding the conditions of confinement, injury, and/or treatment of Javier Tapia.

**RESPONSE:** NaphCare objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant, proportional to the needs of the case, or reasonably calculated to lead to the discovery of admissible evidence in this matter to the extent it requests information related to "every person associated with NaphCare, Inc. ("NaphCare" who had any responsibility of any kind or nature whatsoever (whether formal or informal) for investigating or inquiring into any aspect of the facts or circumstances surrounding the conditions of confinement, injury, and/or treatment of Javier Tapia." NaphCare further objects that this Interrogatory is vague and ambiguous as to what constitutes "conditions of confinement." NaphCare further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, work product doctrine, or other available privilege, including those provided by Federal Rule of Civil Procedure 26.

**INTERROGATORY NO. 2:** IDENTIFY every employee or former employee of NaphCare who had any responsibility for instituting or placing into effect customs, practices, policies, procedures, protocols, guidelines, or forms concerning medical care, mental health care, evaluation, or treatment of persons detained or confined at the Pierce County Jail during the Subject Confinement.

**RESPONSE:** NaphCare objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant, proportional to the needs of the case, or reasonably calculated to lead to the discovery of admissible evidence in that it requests information

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    that have no bearing on Plaintiff's claims in this matter. NaphCare further objects that this

2    Interrogatory is vague and ambiguous as it does not define "responsibility." As such, it is unknown

3    which class or classes of individuals would fall under this classification. NaphCare also objects to

4    the extent this Interrogatory requests information that is not in NaphCare's possession, custody or

5    control related to mental health policies or policies related to the Medical Director. NaphCare also

6    objects that the definition of the "Subject Confinement" is vague and ambiguous.

7    Subject to and without waiving its objections, NaphCare answers that from June 16, 2018

8    to November 14, 2018, any NaphCare created/instituted policies and procedures would have been

9    created by NaphCare's administrative personnel, its legal department, and its Chief Medical

10   Officer, in conjunction with the facility's Health Services Administrator, and/or Medical Director.

11   These policies are based on the NCCHC and ACA standards, among other standards.

12

13   **INTERROGATORY NO. 3:** Did NaphCare make any changes to customs, practices, policies,

14   procedures, protocols, or operating standards, or institute any remedial measures in response to the

15   injury and/or physical or mental health treatment of Javier Tapia? If so, describe them.

16   **RESPONSE:** NaphCare objects to this Interrogatory on the grounds that it is overbroad, unduly

17   burdensome, and seeks information that is not relevant, proportional to the needs of the case, or

18   reasonably calculated to lead to the discovery of admissible evidence in this matter in that it

19   requests information that have no bearing on Plaintiff's claims in this matter.

20   Subject to and without waiving its objections, NaphCare answers no.

21

22   **INTERROGATORY NO. 4:** Did NaphCare discipline or in any way sanction any employee or

23   contractor in response to the injury or treatment of Javier Tapia? If so, IDENTIFY the employee

24   or contractor and the discipline or sanction implemented.

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**RESPONSE:** NaphCare objects to this Interrogatory on the grounds that it is overbroad to the extent that it seeks information not related to the claims in this matter.

Subject to and without waiving its objections, NaphCare answers no.

**INTERROGATORY NO. 5:** IDENTIFY the name, address, and phone number of any person or entity that you contend violated the standard of care with regard to the injuries and/or damages allegedly suffered by Javier Tapia and set forth a short and plain statement of the facts supporting your allegation.

**RESPONSE:** NaphCare objects that this Interrogatory is overly broad, unduly burdensome, and vague in that it requests information related to "the injuries and/or damages allegedly suffered by Javier Tapia" regardless of whether they are related to the litigation. NaphCare further objects that this Interrogatory is vague regarding what is meant by the "standard of care." NaphCare also objects that this Interrogatory is an improper compound interrogatory in that is seeks to classes of information—(1) identification of persons or entities, and (2) facts supporting the allegation.

Subject to and without waiving its objections, NaphCare answers that its employees did not violate the medical standard of care, and Plaintiff has not identified the proper standard of care for other entities. Plaintiff, not NaphCare, carries the burden of proof, and Plaintiff, not NaphCare must set forth the facts—supported by *admissible evidence* rather than vague conjecture—that any person or entity "violated the standard of care," with respect to Mr. Tapia's alleged injuries.

**INTERROGATORY NO. 6:** IDENTIFY all in-custody injuries related to an underlying physical or mental health treatment condition that resulted in permanent disability or death that have occurred at jail facilities in Washington State where NaphCare provides services from 2013 (five years prior to Subject Confinement) to present. For each incident, indicate the name of the inmate, date of the injury or death, manner of the injury or death, and whether an investigation or mortality review was conducted.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   **RESPONSE:** NaphCare objects that this Interrogatory is overly broad and unduly burdensome,

2   taking into account the needs of the case, the amount in controversy, the parties' resources, and

3   the importance of the proposed discovery in resolving the issues at stake in the litigation in that it

4   requests information unrelated to Mr. Tapia. NaphCare objects that this Interrogatory is overbroad

5   in terms of timeframe and scope, covering all of Washington state for a decade and requesting

6   information related to mental health despite NaphCare not providing comprehensive mental health

7   services at Pierce County Jail. NaphCare also objects that this Interrogatory is vague in that it

8   requests information regarding "all in-custody injuries related to an underlying physical or mental

9   health treatment condition that resulted in permanent disability or death" without defining what

10  "underlying physical or mental health treatment condition" means or what a "permanent disability"

11  is. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous.

12

13  **INTERROGATORY NO. 7:** IDENTIFY the healthcare professionals by type (i.e., LPN, RN,

14  MHP, MD, etc.) and by shift that were available daily during the Subject Confinement at Pierce

15  County Jail to provide care or treatment to Javier Tapia.

16  **RESPONSE:** NaphCare objects to this Interrogatory to the extent it requests information that is

17  not in NaphCare's possession, custody or control related to healthcare professionals not employed

18  by NaphCare. NaphCare objects to this Interrogatory as overbroad, unduly burdensome, and seeks

19  information that is not relevant or proportional to the needs of the case to the extend it requests the

20  shift worked by each healthcare professional and requests information beyond when the alleged

21  injury occurred. NaphCare further objects to this Interrogatory as vague to the extent that it

22  requests the healthcare professional "available daily . . . to provide care or treatment to Javier

23  Tapia." NaphCare also objects that the definition of the "Subject Confinement" is vague and

24  ambiguous and overbroad.

25

26

Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers Plaintiff to NCI000006–34, which identifies NaphCare employees who worked at Pierce County Jail from September 1, 2018 to October 31, 2018.

**INTERROGATORY NO. 8:** Describe NaphCare's policies, procedures, training materials, and/or protocols related to the taking and recording of inmate vital signs.

**RESPONSE:** NaphCare objects to this Interrogatory as overbroad because it is not time limited, not limited to Pierce County Jail, and is not limited to vital signs taken once the person is housed in a unit. NaphCare further objects to this Interrogatory as vague to the extent that it requests information about "taking and recording inmate vital signs."

Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers Plaintiff to NCI0000362, 364, 398, 408–12, 420, 454, 462. NaphCare will also produce presentations on taking and documenting vital signs that were given in 2018.

**INTERROGATORY NO. 9:** IDENTIFY any medical equipment used by NaphCare at the Pierce County Jail during the Subject Confinement to take and record inmate vital signs, including whether that medical equipment is provided by NaphCare or the County.

**RESPONSE:** NaphCare objects to this Interrogatory as overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case as it seeks information about equipment in use five years ago and there is no allegation that the vital readings taken by NaphCare were faulty. NaphCare further objects to this Interrogatory to the extent it requests information that is not in NaphCare's possession, custody or control related to equipment provided by the Pierce County. NaphCare also objects to this Interrogatory as vague to the extent that it requests information about "medical equipment used . . . to take and record inmate vital signs." NaphCare further objects that the definition of the "Subject Confinement" is vague and ambiguous.

1    Subject to and without waiving its objections, NaphCare responds that arm and wrist digital

2    blood pressure machines, manual blood pressure machines, stethoscopes, pulse oximeters,

3    thermometers, watches, paper, pens, pencils, and NaphCare laptops containing NaphCare's

4    proprietary electronic health record system, TechCare, may have been used to take and record

5    inmate/patient vital signs at Pierce County Jail from June 16, 2018 to November 14, 2018.

6

7    **INTERROGATORY NO. 10:** Describe NaphCare's policies, procedures, training materials,

8    and/or protocols related to the maintenance performed on any medical equipment used by

9    NaphCare at the Pierce County Jail to take and record inmate vital signs.

10    **RESPONSE:** NaphCare objects to this Interrogatory as overbroad, unduly burdensome, and seeks

11    information that is not relevant or proportional to the needs of the case as it seeks information

12    about maintenance of medical equipment when there is no allegation that the vital readings taken

13    by NaphCare were faulty and is not limited to the relevant time period.

14    Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure

15    33(d), NaphCare refers Plaintiff to NCI000259, 284, 288, 305–06, 320–21.

16

17    **INTERROGATORY NO. 11:** Describe the policies, procedures, or protocols by which

18    NaphCare staff at the Pierce County Jail during the Subject Confinement communicated with

19    County staff/correctional officers regarding inmate medical/behavioral health changes, requests,

20    or needs.

21    **RESPONSE:** NaphCare objects to this Interrogatory to the extent it calls for information that is

22    not in NaphCare's possession, custody or control. NaphCare also objects that the definition of the

23    "Subject Confinement" is vague and ambiguous.

24    Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure

25    33(d), NaphCare refers Plaintiff to NCI000315–16, 352–53, 364–70, 381–82, 408–09, 433–35,

26    442–43, 450–52. NaphCare will also produce NaphCare's Proposal in response to Pierce County's

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  Request for Proposal, which outlines coordination between Pierce County Jail correctional and

2  mental health staff and NaphCare.

3

4  **INTERROGATORY NO. 12:** Describe NaphCare's policies, procedures, training materials,

5  and/or protocols at the Pierce County Jail during the Subject Confinement related to the taking and

6  recording of inmate vital signs.

7  **RESPONSE:** NaphCare objects to this Interrogatory as vague and overbroad to the extent that it

8  requests information about "taking and recording inmate vital signs." NaphCare further objects

9  that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare also objects

10  to this Interrogatory as overbroad because is not limited to vital signs taken once the person is

11  housed in a unit.

12      Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure

13  33(d), NaphCare refers Plaintiff to NCI000323–24, 364–70,410–11, 444–49. NaphCare will also

14  produce presentations on taking and documenting vital signs that were given in 2018.

15

16  **INTERROGATORY NO. 13:** Describe NaphCare's policies, procedures, training materials,

17  and/or protocols at the Pierce County Jail during the Subject Confinement related to the referral or

18  transfer of inmates to medical doctors.

19  **RESPONSE:** NaphCare objects to this Interrogatory as vague regarding what is meant by

20  "referral or transfer of inmates to medical doctors." NaphCare also objects that the definition of

21  the "Subject Confinement" is vague and ambiguous.

22      Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure

23  33(d), NaphCare refers Plaintiff to NCI000352–53, 360–61, 364–70, 373–77, 383–84, 419.

24  NaphCare will also produce presentations on the referral or transfer of inmates/patients to medical

25  doctors that were given in 2018.

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**INTERROGATORY NO. 14:** Describe NaphCare's policies, procedures, training materials, and/or protocols at the Pierce County Jail during the Subject Confinement related to the referral or transfer of inmates to outside medical providers.

**RESPONSE:** NaphCare objects to this Interrogatory because the definition of the "Subject Confinement" is vague and ambiguous.

Subject to and without waiving its objection, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers Plaintiff to its policy and procedure manual (NCI 000247–000479), including but not limited to, NCI000278–81, 352–53, 360–61, 364–70, 373–77, 380, 383–84, 401–07, 418, 450–52. NaphCare will also produce trainings focused on referral or transfer to outside medical providers that were given in 2018 and NaphCare's Proposal in response to Pierce County's Request for Proposal, which outlines outside medical services.

**INTERROGATORY NO. 15:** Describe NaphCare's policies, procedures, training materials, and/or protocols at the Pierce County Jail during the Subject Confinement related to refusal of food or drink by inmates.

**RESPONSE:** NaphCare objects to this Interrogatory as overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case as there is no allegations that Mr. Tapia was not provided food or drink by NaphCare. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous.

Subject to and without waiving the objections, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers Plaintiff to NCI000408–09.

**INTERROGATORY NO. 16:** Describe NaphCare's policies, procedures, training materials, and/or protocols at the Pierce County Jail during the Subject Confinement related to the referral of inmates to mental/behavioral health care professionals.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  **RESPONSE:** NaphCare objects to this Interrogatory because the definition of the "Subject

2  Confinement" is vague and ambiguous.

3        Subject to and without waiving its objection, pursuant to Federal Rule of Civil Procedure

4  33(d), NaphCare refers Plaintiff to NCI000364–77, 408–09, 414–18, 419–20, 427–30, 433–41,

5  453–55. NaphCare will also produce NaphCare's Proposal in response to Pierce County's Request

6  for Proposal, which outlines referral to Pierce County Jail mental health staff.

7

8  **INTERROGATORY NO. 17:** Describe all of NaphCare's employee reward and/or

9  incentivization policies, programs, initiatives, or efforts at the Pierce County Jail during the

10  Subject Confinement.

11  **RESPONSE:** NaphCare objects to this Interrogatory as overbroad, unduly burdensome, and seeks

12  information that is not relevant or proportional to the needs of the case as it seeks information

13  regarding policies unrelated to patient care. NaphCare further objects to this Interrogatory to the

14  extent it seeks disclosure of confidential, proprietary, and trade secret information or information

15  that is otherwise commercially sensitive not relevant to the claims in this matter. NaphCare objects

16  to this Interrogatory because the definition of the "Subject Confinement" is vague and ambiguous.

17

18  **INTERROGATORY NO. 18:** IDENTIFY each legal entity under common control with

19  NaphCare (e.g. NaphCare DE US, LLC; Pharmacy, LLC; VIG, LLC; Corporate Risk Insurance

20  Company, Ltd.) and describe the legal and tax relationships between the entities.

21  **RESPONSE:** NaphCare objects to this Interrogatory as overbroad, unduly burdensome, not

22  reasonably calculated to lead to the discovery of admissible evidence, and seeks information that

23  is not relevant or proportional to the needs of the case as it seeks information regarding policies

24  unrelated to patient care. NaphCare further objects that this Interrogatory is not limited to entities

25  related to the provision of care at Pierce County Jail nor is it limited in terms of time or to the care

26  received by Plaintiff. NaphCare further objects to this Interrogatory to the extent it seeks disclosure

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of confidential, proprietary, or information that is otherwise commercially sensitive not relevant to the claims in this matter.

**INTERROGATORY NO. 19:** IDENTIFY the shareholders and corporate officers of each legal entity under common control with NaphCare and describe the compensation paid to each of them.

**RESPONSE:** NaphCare objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not relevant or proportional to the needs of the case as it seeks information regarding policies unrelated to patient care. NaphCare further objects that this Interrogatory is not limited to entities related to the provision of care at Pierce County Jail nor is it limited in terms of time or to the care received by Plaintiff. NaphCare further objects to this Interrogatory to the extent it seeks disclosure of confidential, proprietary, or information that is otherwise commercially sensitive not relevant to the claims in this matter.

**INTERROGATORY NO. 20:** For any Affirmative Defenses plead in this matter, please IDENTIFY the factual basis or bases supporting those defenses. The information sought by this Interrogatory is not a mere recitation of the statutory sections invoked. Plaintiff requests that you provide a detailed description of every fact and legal basis on which each defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For instance, if there is any physical, documentary, or testimonial evidence that supports any such defense, please IDENTIFY it specifically.

**RESPONSE:** NaphCare responds that Plaintiff's Section 1983 is time-barred because the statute of limitations has lapsed and the claim cannot relate back to the original state complaint. Plaintiff's Section 1983 claim accrued when Mr. Tapia suffered the injury giving rise to his claims—October 16, 2018. Therefore, the statute of limitations ran on October 21, 2021, before the "conduct, transaction, or occurrence" giving rise to the claim were plead by Plaintiff. NaphCare further

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   responds that Plaintiff has failed to state a claim in that the Second Amended Complaint fails to

2   articulate the policy or procedure, or the standard of care Plaintiff alleges NaphCare's employees

3   violated. NaphCare also responds that Plaintiff was contributorily negligent and at fault for his

4   injury in that he did not alert anyone, including NaphCare employees, to the condition of his foot

5   at any time prior to it being discovered by NaphCare, where upon he was promptly transferred to

6   Tacoma General Hospital to received care. Discovery is ongoing and NaphCare reserves the right

7   to supplement its response.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## **REQUESTS FOR PRODUCTION**

2

3  **REQUEST FOR PRODUCTION NO. 1:** Produce all documents and materials that mention,

4  reference, or relate to Javier Tapia, including medical records, any kind of form or report, photos,

5  videos, texts, e-mails, social media messages, diaries, notes, memos, or any other printed or

6  electronically stored information. If any such materials once existed but have been deleted,

7  misplaced, or erased, please describe what once existed with as much particularity as you can and

8  state when the material was deleted, discarded, or lost.

9  **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking

10 into account the needs of the case, the amount in controversy, the parties' resources, and the

11 importance of the proposed discovery in resolving the issues at stake in the litigation in that it

12 requests "all documents and materials that mention, reference, or relate to Javier Tapia" without

13 any limitation as to time frame or subject matter. NaphCare objects to this Request to the extent it

14 calls for documents or materials protected by the attorney-client privilege, work product doctrine,

15 or other available privilege, including, but not limited to those provided by Federal Rule of Civil

16 Procedure 26. NaphCare further objects to this Request's instruction that NaphCare "describe"

17 materials no longer in its possession, which is unduly burdensome and not the proper subject of a

18 request for production under Federal Rule of Civil Procedure 34. NaphCare further objects that, to

19 the extent this Request seeks information not within the proper scope of discovery. NaphCare also

20 objects to that "relate" is vague as used in this Request.

21        Subject to and without waiving its objections, NaphCare refers Plaintiff to NAPH000001–

22 625.

23

24 **REQUEST FOR PRODUCTION NO. 2:** Produce all investigative documents and materials of

25 any kind or nature relating to the conditions of confinement of Javier Tapia, the Subject

26 Confinement or any aspect thereof, and any investigation or inquiry into the injury and/or physical

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

or mental health treatment of Javier Tapia and/or the facts and circumstances leading up to and surrounding his injury.

**RESPONSE:** NaphCare objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare further objects that this Request is vague and ambiguous as to what constitutes "investigate documents and materials" and "conditions of confinement." NaphCare also objects to this Request as overbroad to the extent that it seeks documents relating to the "Subject Confinement or any aspect thereof" not related to Mr. Tapia. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare further objects that, to the extent this Request seeks information not within the proper scope of discovery.

Subject to and without waiving its objections, none.


**REQUEST FOR PRODUCTION NO. 3:** Produce all documents reflecting any request for information from any person, firm, or entity relating to the Subject Confinement, injury, and/or the physical or mental health treatment of Javier Tapia.

**RESPONSE:** NaphCare objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare further objects that "any request for information" is vague. NaphCare also objects to this Request as overbroad to the extent that it seeks information relating to the "Subject Confinement" not related to Mr. Tapia and to the extent that it requests documents not related to the facts giving rise to the claims. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous.

Subject to and without waiving its objections, NaphCare refers Plaintiff to DEF PC 000004–6, NAPHCARE 000184–85. NaphCare will also produce responsive non-privileged

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

written correspondence requesting Mr. Tapia's medical records that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents provided to any person, firm, or entity in response to any request for information relating to the Subject Confinement, injury, and/or the physical or mental health treatment of Javier Tapia.

**RESPONSE:** NaphCare objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare further objects that "any request for information" is vague. NaphCare also objects to this Request as overbroad to the extent that it seeks information relating to the "Subject Confinement" not related to Mr. Tapia and to the extent that it requests documents not related to the incident giving rise to the claims. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous.

Subject to and without waiving its objections, NaphCare refers Plaintiff to NAPHCARE 000001–625.

**REQUEST FOR PRODUCTION NO. 5A:**[1] Produce all documents and materials relating to any internal audit, inspection, or review of the injury and/or physical or mental health treatment of Javier Tapia. This request includes, but is not limited to:

(a)    All documents and materials considered in connection with such review;

(b)    All documents and materials consulted in connection with such review;

(c)    All documents and materials produced, created or authored by any person in connection with such review, including notes.

---

[1] Plaintiff's Discovery Requests have two "Requests for Production No. 5." For the avoidance of confusion, NaphCare has renamed them "Requests for Production No. 5A" and "Requests for Production No. 5B."

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 20

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **RESPONSE:** NaphCare objects to this Request to the extent it calls for documents or materials

2    protected by the attorney-client privilege, work product doctrine, or other available privilege,

3    including but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare

4    further objects that this Request is vague and ambiguous as to what constitutes "internal audit,

5    inspection, or review." NaphCare also objects to the extent that it calls for documents or materials

6    used in reviews not conducted by NaphCare, and, therefore, beyond NaphCare's knowledge,

7    possession, custody, or control.

8        Subject to and without waiving its objections, none.

9

10    **REQUEST FOR PRODUCTION NO. 5B:** Produce all reviews, reports, root cause analyses, or

11    any similar type of audits or reviews relating to in-custody injuries or deaths that resulted in

12    permanent disability or death in corrections facilities in Washington State where NaphCare, Inc.

13    provides services from 2013 (five years prior to Subject Confinement) to present.

14    **RESPONSE:** NaphCare objects that this Request is overly broad and unduly burdensome, taking

15    into account the needs of the case, the amount in controversy, the parties' resources, and the

16    importance of the proposed discovery in resolving the issues at stake in the litigation in that it

17    requests information unrelated to Mr. Tapia. NaphCare objects that this Request is overbroad in

18    terms of timeframe and scope, covering all of Washington state for a decade and requesting

19    information related to mental health despite NaphCare not providing comprehensive mental health

20    services at Pierce County Jail. NaphCare also objects that this Request is vague in that it requests

21    information regarding "all in-custody injuries related to an underlying physical or mental health

22    treatment condition that resulted in permanent disability or death" without defining what

23    "underlying physical or mental health treatment condition" means or what a "permanent disability"

24    is. NaphCare further objects that "root cause analyses, or any similar type of audits or reviews"

25    are vague. NaphCare also objects that the definition of the "Subject Confinement" is vague and

26    ambiguous. NaphCare further objects to this Request to the extent it calls for documents or

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    materials protected by the attorney-client privilege, work product doctrine, or other available

2    privilege, including, but not limited to those provided by Federal Rule of Civil Procedure 26.

3        Subject to and without waiving its objections, NaphCare will produce any non-privileged

4    NaphCare reviews of deaths determined to have been caused by blood clots or gangrene, if any, in

5    Pierce County Jail from June 16, 2018 to November 14, 2018.

6

7    **REQUEST FOR PRODUCTION NO. 6:** Produce all documents and materials you identified or

8    relied upon in answering Plaintiff's Interrogatory No. 6, including all materials produced as a result

9    of any identified investigation.

10   **RESPONSE:** NaphCare objects that this Request is overly broad and unduly burdensome, taking

11   into account the needs of the case, the amount in controversy, the parties' resources, and the

12   importance of the proposed discovery in resolving the issues at stake in the litigation in that it

13   requests information unrelated to Mr. Tapia. NaphCare objects that this Request is overbroad in

14   terms of timeframe and scope, covering all of Washington state for a decade and requesting

15   information related to mental health despite NaphCare not providing comprehensive mental health

16   services at Pierce County Jail. NaphCare also objects that this Request is vague in that it requests

17   information regarding "all in-custody injuries related to an underlying physical or mental health

18   treatment condition that resulted in permanent disability or death" without defining what

19   "underlying physical or mental health treatment condition" means or what a "permanent disability"

20   is. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous.

21   NaphCare further objects to this Request to the extent it calls for documents or materials protected

22   by the attorney-client privilege, work product doctrine, or other available privilege, including, but

23   not limited to those provided by Federal Rule of Civil Procedure 26.

24

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 22

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  **REQUEST FOR PRODUCTION NO. 7:** Produce documents and materials showing the hours
2  and/or timesheets of the medical or mental health providers, including on-call providers, identified
3  in Interrogatory No. 7.

4  **RESPONSE:** NaphCare objects to this Request as overbroad to the extent it seeks hours or
5  timesheets beyond the timeframe of the events giving rise to this case. NaphCare further objects
6  to the extent this Request seeks documents that are not in NaphCare's possession, custody or
7  control related to mental health providers and the Medical Director. NaphCare also objects to the
8  extent that this Request is internally inconsistent in that it requests materials related to "providers
9  . . . identified in Interrogatory No. 7" and also requests records related to "on-call providers," that
10 were not within the scope of Interrogatory No. 7. NaphCare also objects that the definition of the
11 "Subject Confinement" is vague and ambiguous. NaphCare further objects to this Request to the
12 extent it calls for documents or materials protected by the attorney-client privilege, work product
13 doctrine, or other available privilege, including, but not limited to those provided by Federal Rule
14 of Civil Procedure 26.

15      Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000014–34,
16 for the NaphCare employees who worked at Pierce County Jail from September 1, 2018 to October
17 31, 2018.

18

19 **REQUEST FOR PRODUCTION NO. 8:** Produce all documents and materials you identified or
20 relied upon in answering Plaintiff's Interrogatory No. 8.

21 **RESPONSE:** NaphCare objects to this Request as overbroad because it is not time limited and
22 not limited to Pierce County Jail and is not limited to vital signs taken once the person is house in
23 a unit. NaphCare further objects to this Interrogatory as vague to the extent that it requests
24 information about "taking and recording inmate vital signs." NaphCare further objects to this
25 Request to the extent it calls for documents or materials protected by the attorney-client privilege,

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 23

1    work product doctrine, or other available privilege, including, but not limited to those provided by

2    Federal Rule of Civil Procedure 26.

3        Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI0000362,

4    364, 398, 408–12, 420, 454, 462. NaphCare will also produce presentations on taking and

5    documenting vital signs that were given in 2018.

6

7    **REQUEST FOR PRODUCTION NO. 9:** Produce all documents related to medical equipment

8    maintenance and safety for the equipment identified in Plaintiff's Interrogatory No. 9 at all times

9    in the five (5) years preceding (and including) the Subject Confinement.

10   **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks

11   information that is not relevant or proportional to the needs of the case as it seeks information

12   about equipment in use five years ago and there is no allegation that the vital readings taken by

13   NaphCare were faulty. NaphCare further objects to this Request to the extent it requests document

14   that are not in NaphCare's possession, custody or control related to equipment provided by the

15   Pierce County. NaphCare also objects to this Request as vague to the extent that it requests

16   information about "medical equipment used . . . to take and record inmate vital signs." NaphCare

17   also objects that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare

18   further objects to this Request to the extent it calls for documents or materials protected by the

19   attorney-client privilege, work product doctrine, or other available privilege, including, but not

20   limited to those provided by Federal Rule of Civil Procedure 26.

21       Subject to and without waiving its objections, NaphCare will produce the inspection reports

22   for the equipment at the Pierce County Jail from June 2019—the reports that cover the period of

23   Plaintiff's incarceration and show all equipment was in proper working order.

24

25   **REQUEST FOR PRODUCTION NO. 10:** Produce all documents and materials you identified

26   or relied upon in answering Plaintiff's Interrogatory No. 10.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks

2   information that is not relevant or proportional to the needs of the case as it seeks information

3   about maintenance of medical equipment when there is no allegation that the vital readings taken

4   by NaphCare were faulty and is not limited to the relevant time period. NaphCare further objects

5   to this Request to the extent it calls for documents or materials protected by the attorney-client

6   privilege, work product doctrine, or other available privilege, including, but not limited to those

7   provided by Federal Rule of Civil Procedure 26.

8        Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000259,

9   284, 288, 305–06, 320–21.

10

11  **REQUEST FOR PRODUCTION NO. 11:** Produce all documents and materials you identified

12  or relied upon in answering Plaintiff's Interrogatory No. 11.

13  **RESPONSE:** NaphCare objects to this Request to the extent it calls for documents that are not in

14  NaphCare's possession, custody or control. NaphCare also objects that the definition of the

15  "Subject Confinement" is vague and ambiguous. NaphCare further objects to this Request to the

16  extent it calls for documents or materials protected by the attorney-client privilege, work product

17  doctrine, or other available privilege, including, but not limited to those provided by Federal Rule

18  of Civil Procedure 26.

19       Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000315–16,

20  352–53, 364–70, 381–82, 408–09, 433–35, 442–43, 450–52. NaphCare will also produce

21  NaphCare's Proposal in response to Pierce County's Request for Proposal, which outlines

22  coordination between Pierce County Jail correctional and mental health staff and NaphCare.

23

24  **REQUEST FOR PRODUCTION NO. 12:** Produce all documents and materials you identified

25  or relied upon in answering Plaintiff's Interrogatory No. 12.

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 25

1    **RESPONSE:** NaphCare objects to this Request as vague and overbroad to the extent that it

2    requests information about "taking and recording inmate vital signs." NaphCare further objects

3    that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare also objects

4    to this Request as overbroad because is not limited to vital signs taken once the person is housed

5    in a unit. NaphCare also objects to this Request to the extent it calls for documents or materials

6    protected by the attorney-client privilege, work product doctrine, or other available privilege,

7    including, but not limited to those provided by Federal Rule of Civil Procedure 26.

8        Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000323–24,

9    364–70, 410–11, 444–49. NaphCare will also produce presentations on taking and documenting

10   vital signs that were given in 2018.

11

12   **REQUEST FOR PRODUCTION NO. 13:** Produce all documents and materials you identified

13   or relied upon in answering Plaintiff's Interrogatory No. 13.

14   **RESPONSE:** NaphCare objects that this Request is vague regarding what is meant by "referral or

15   transfer of inmates to medical doctors." NaphCare further objects that the definition of the "Subject

16   Confinement" is vague and ambiguous. NaphCare also objects to this Request to the extent it calls

17   for documents or materials protected by the attorney-client privilege, work product doctrine, or

18   other available privilege, including, but not limited to those provided by Federal Rule of Civil

19   Procedure 26.

20       Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000352–53,

21   360–61, 364–70, 373–77, 383–84, 419. NaphCare will also produce presentations on the referral

22   or transfer of inmates/patients to medical doctors that were given in 2018.

23

24   **REQUEST FOR PRODUCTION NO. 14:** Produce all documents and materials you identified

25   or relied upon in answering Plaintiff's Interrogatory No. 14.

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 26

**RESPONSE:** NaphCare objects to this Request because the definition of the "Subject Confinement" is vague and ambiguous. NaphCare further objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including, but not limited to those provided by Federal Rule of Civil Procedure 26.

Subject to and without waiving its objections, NaphCare refers Plaintiff to its policy and procedure manual (NCI 000247–000479), including but not limited to, NCI000278–81, 352–53, 360–61, 364–70, 373–77, 380, 383–84, 401–07, 418, 450–52. NaphCare will also produce trainings focused on referral or transfer to outside medical providers that were given in 2018 and NaphCare's Proposal in response to Pierce County's Request for Proposal, which outlines outside medical services.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents and materials you identified or relied upon in answering Plaintiff's Interrogatory No. 15.

**RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case as there is no allegations that Mr. Tapia was not provided food or drink. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare further objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including, but not limited to those provided by Federal Rule of Civil Procedure 26.

Subject to and without waiving the objections, NaphCare refers Plaintiff to NCI000408–09.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents and materials you identified or relied upon in answering Plaintiff's Interrogatory No. 16.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 27

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **RESPONSE:** NaphCare objects to this Request because the definition of the "Subject

2    Confinement" is vague and ambiguous. NaphCare further objects to this Request to the extent it

3    calls for documents or materials protected by the attorney-client privilege, work product doctrine,

4    or other available privilege, including, but not limited to those provided by Federal Rule of Civil

5    Procedure 26.

6        Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000364–77,

7    408–09, 414–18, 419–20, 427–30, 433–41, 453–55. NaphCare will also produce NaphCare's

8    Proposal in response to Pierce County's Request for Proposal, which outlines referral to Pierce

9    County Jail mental health staff.

10

11    **REQUEST FOR PRODUCTION NO. 17:** Produce all documents and materials you identified

12    or relied upon in answering Plaintiff's Interrogatory No. 17.

13    **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks

14    information that is not relevant or proportional to the needs of the case as it seeks information

15    regarding policies unrelated to patient care. NaphCare further objects to this Request to the extent

16    it seeks disclosure of confidential, proprietary, and trade secret information or information that is

17    otherwise commercially sensitive not relevant to the claims in this matter. NaphCare objects to

18    this Request because the definition of the "Subject Confinement" is vague and ambiguous.

19    NaphCare further objects to this Request to the extent it calls for documents or materials protected

20    by the attorney-client privilege, work product doctrine, or other available privilege, including, but

21    not limited to those provided by Federal Rule of Civil Procedure 26.

22

23    **REQUEST FOR PRODUCTION NO. 18:** Produce all documents and materials you identified

24    or relied upon in answering Plaintiff's Interrogatory No. 18.

25    **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks

26    information that is not relevant or proportional to the needs of the case as it seeks information

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 28

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

regarding policies unrelated to patient care. NaphCare further objects that this Request is not limited to entities related to the provision of care at Pierce County Jail nor is it limited in terms of time or to the care received by Plaintiff. NaphCare further objects to this Request to the extent it seeks disclosure of confidential, proprietary, and trade secret information or information that is otherwise commercially sensitive not relevant to the claims in this matter. NaphCare further objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including, but not limited to those provided by Federal Rule of Civil Procedure 26.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents and materials you identified or relied upon in answering Plaintiff's Interrogatory No. 19.

**RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case as it seeks information regarding policies unrelated to patient care. NaphCare further objects that this Request is not limited to entities related to the provision of care at Pierce County Jail nor is it limited in terms of time or to the care received by Plaintiff. NaphCare further objects to this Request to the extent it seeks disclosure of confidential, proprietary, and trade secret information or information that is otherwise commercially sensitive not relevant to the claims in this matter. NaphCare further objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including, but not limited to those provided by Federal Rule of Civil Procedure 26.

**REQUEST FOR PRODUCTION NO. 20:** Produce all external audits of NaphCare, Inc.'s medical or mental health services conducted in Washington State at any time from 2013 (five years prior to Subject Confinement) to present, together with all documents and materials generated in connection with or in response to any such audit.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 29

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking

2    into account the needs of the case, the amount in controversy, the parties' resources, and the

3    importance of the proposed discovery in resolving the issues at stake in the litigation in that it

4    requests "all external audits of NaphCare, Inc.'s medical or mental health services conducted in

5    Washington State at any time from 2013 (five years prior to Subject Confinement) to present",

6    which covers a 10 year span, the entire state, mental health services (even though NaphCare does

7    not provide comprehensive mental health services at Pierce County Jail), and is not limited to the

8    types of care at issue in this case. NaphCare objects to this Request to the extent it calls for

9    documents or materials protected by the attorney-client privilege, work product doctrine, or other

10   available privilege, including, but not limited to those provided by Federal Rule of Civil Procedure

11   26. NaphCare further objects to the extent this Request seeks information that is not in NaphCare's

12   possession, custody or control. NaphCare also objects that the definition of the "Subject

13   Confinement" is vague and ambiguous.

14

15   **REQUEST FOR PRODUCTION NO. 21:** Produce any nurse orientation manuals and any

16   manuals relevant to the provision of health care services by any other class of provider such as

17   psychologists, physician assistants, and physicians in effect as of the Subject Confinement with

18   regard to the Pierce County Jail.

19   **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking

20   into account the needs of the case, the amount in controversy, the parties' resources, and the

21   importance of the proposed discovery in resolving the issues at stake in the litigation in that it

22   requests documents that have no bearing on Plaintiff's claims in this matter and include classes of

23   professionals not employed by NaphCare to provide services at Pierce County Jail. NaphCare also

24   objects that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare further

25   objects to this Request to the extent it calls for documents or materials protected by the attorney-

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    client privilege, work product doctrine, or other available privilege, including, but not limited to

2    those provided by Federal Rule of Civil Procedure 26.

3        Subject to and without waiving its objections, NaphCare will produce the orientation

4    manual distributed to NaphCare employees at Pierce County Jail in 2018.

5

6    **REQUEST FOR PRODUCTION NO. 22:** Produce all documents created at any time in the five

7    (5) years preceding the Subject Confinement to present pertaining to any investigation (formal or

8    informal) that any person was not provided with appropriate medical care (inclusive of mental

9    health) at the Pierce County Jail. This Request does not include informal messages or complaints

10   submitted on "kites."

11   **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking

12   into account the needs of the case, the amount in controversy, the parties' resources, and the

13   importance of the proposed discovery in resolving the issues at stake in the litigation in that it

14   requests "all documents created at any time in the five (5) years preceding the Subject Confinement

15   to present pertaining to any investigation (formal or informal) that any person was not provided

16   with appropriate medical care (inclusive of mental health)", which mental health services (even

17   though NaphCare does not provide comprehensive mental health services at Pierce County Jail)

18   and is not limited to the types of care at issue in this case. NaphCare objects to this Request to the

19   extent it calls for information protected by the attorney-client privilege, work product doctrine, or

20   other available privilege, including, but not limited to those provided by Federal Rule of Civil

21   Procedure 26. NaphCare further objects to the extent this Request seeks information that is not in

22   NaphCare's possession, custody or control. NaphCare further objects that "appropriate medical

23   care" is vague. NaphCare also objects that the definition of the "Subject Confinement" is vague

24   and ambiguous.

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 31

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   **REQUEST FOR PRODUCTION NO. 23:** Produce all documents and materials reflecting any
2   prospective risk-management analysis performed with regard to inmate or detainee injury or death
3   at the Pierce County Jail created at any time in the five (5) years preceding the Subject
4   Confinement until the present.

5   **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking
6   into account the needs of the case, the amount in controversy, the parties' resources, and the
7   importance of the proposed discovery in resolving the issues at stake in the litigation in that it
8   requests "all documents and materials reflecting any prospective risk-management analysis
9   performed with regard to inmate or detainee injury or death at the Pierce County Jail created at
10  any time in the five (5) years preceding the Subject Confinement until the present", which covers
11  a 10 year span and is not limited to the types of care at issue in this case. NaphCare objects to this
12  Request to the extent it calls for information protected by the attorney-client privilege, work
13  product doctrine, or other available privilege, including, but not limited to those provided by
14  Federal Rule of Civil Procedure 26. NaphCare further objects to the extent this Request seeks
15  information that is not in NaphCare's possession, custody or control. NaphCare also objects that
16  "prospective risk management analysis" is vague. NaphCare further objects that the definition of
17  the "Subject Confinement" is vague and ambiguous.

18

19  **REQUEST FOR PRODUCTION NO. 24:** Produce all quality improvement program documents
20  for the Pierce County Jail created at any time in the five (5) years preceding the Subject
21  Confinement until the present.

22  **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking
23  into account the needs of the case, the amount in controversy, the parties' resources, and the
24  importance of the proposed discovery in resolving the issues at stake in the litigation in that it
25  requests "all quality improvement program documents for the Pierce County Jail created at any
26  time in the five (5) years preceding the Subject Confinement until the present", which covers a 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

year span and is not limited to the types of care at issue in this case. NaphCare objects to this Request to the extent it calls for information protected by the attorney-client privilege, work product doctrine, or other available privilege, including, but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare also objects to the extent that "all quality improvement program documents" is vague. NaphCare further objects that the definition of the "Subject Confinement" is vague and ambiguous.

Subject to and without waiving its objections, will produce the TechCare Monthly Report for 2018.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents and materials relating to any internal budget for operations in connection with any agreement for inmate health care and/or mental health care services at the Pierce County Jail, including, but not limited to, any actual or projected budget, budget line-items, budget breakdown by category, and documents or materials reflecting an analysis of actual costs and expenses relative to budget.

**RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case as it seeks information regarding policies unrelated to patient care. NaphCare further objects that this Request is overbroad in that it is not limited in terms of time and scope. NaphCare further objects to the extent this Request seeks information that is not in NaphCare's possession, custody or control. NaphCare also objects that "any internal budget for operation" is vague. NaphCare further objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including, but not limited to those provided by Federal Rule of Civil Procedure 26.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents and materials expressing or communicating any concerns or questions relating to budget overages (whether in whole or

1  specific to any line-item or category of expense) in connection with any agreement for inmate
2  health care and/or mental health care services at the Pierce County Jail.

3  **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks
4  information that is not relevant or proportional to the needs of the case as it seeks information
5  regarding policies unrelated to patient care or Mr. Tapia's care. NaphCare further objects that this
6  Request is overbroad in that it is not limited in terms of time and scope. NaphCare further objects
7  to the extent this Request seeks information that is not in NaphCare's possession, custody or
8  control. NaphCare also objects that the "expressing or communicating any concerns or questions
9  relating to budget overages (whether in whole or specific to any line-item or category of expense)"
10  is vague. NaphCare further objects to this Request to the extent it calls for documents or materials
11  protected by the attorney-client privilege, work product doctrine, or other available privilege,
12  including, but not limited to those provided by Federal Rule of Civil Procedure 26.

15  Dated this 16th day of August, 2023.

s/ _____
David A. Perez, WSBA No. 43959
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: Dperez@perkinscoie.com

Jacob Dean (*admitted pro hac vice*)
**Perkins Coie LLP**
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.3365
Facsimile: 310.788.3365

*Attorneys for Defendant NaphCare, Inc.*

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 34

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## **CERTIFICATION OF ATTORNEY**

I am the attorney for the defendant in this matter and hereby certify that the foregoing responses to these discovery requests and any objections thereto comply with FRCP 26.

DATED this 16th day of August, 2023, at Seattle, WA.


_____
David A. Perez

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Pursuant to 28 U.S.C. § 1746, <u>Candice D. Sherman</u> declares as follows:

I have read the foregoing Plaintiff's Interrogatories and Requests for Production to Defendant NaphCare, Inc. and Answers and Responses thereto, know the contents thereof, and believe the same to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this <u>16</u>th day of <u>August</u> 2023, at Birmingham, Alabama.

Senior Corporate Counsel - Litigation
For Defendant NaphCare, Inc.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 36

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **CERTIFICATE OF SERVICE**

I certify that on August 16, 2023, I caused the foregoing document to be served on the following attorney(s) of record of record by the method(s) indicated:

| | |
|---|---|
| Ryan Dreveskracht, WSBA No. 42593<br>Corinne Sebren, WSBA No. 58777<br>Galanda Broadman, PLLC<br>8606 35th Avenue NE, Suite L1<br>PO Box 15146<br>Seattle, WA 98115<br>Telephone: 206.557.7509<br>E-mail: ryan@galadabroadman.com<br>E-mail: corinne@galandabroadman.com<br><br>*Attorneys for Plaintiff Javier Tapia* | ___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Hand Delivery<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via ECF<br>_X_ Via E-mail |
| Kristal M. Cowger, WSBA # 43079<br>Pierce County Prosecuting Attorney<br>930 Tacoma Avenue South, Suite 946<br>Tacoma, WA 98402-2102<br>Telephone: 253.798.4265<br>Email: kristal.cowger@piercecountywa.gov<br><br>*Attorneys for Defendant Pierce County* | ___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Hand Delivery<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via ECF<br>_X_ Via E-mail |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of August, 2023.

*s/David A. Perez*
David A. Perez

DEFENDANT NAPHCARE, INC.'S RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR
PRODUCTION
(No. 2:22-CV-01141) – 37

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000