# EXHIBIT 26

1

THE HONORABLE KYMBERLY K. EVANSON

2

3

4

5

6

7       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
                  AT SEATTLE
8

9   JAVIER TAPIA,                                    No. 2:22-CV-01141

10                  Plaintiff,                       **DEFENDANT NAPHCARE, INC.'S**
                                                     **RESPONSES TO PLAINTIFF'S**
11          vs.                                      **AMENDED INTERROGATORIES**
                                                     **AND REQUESTS FOR PRODUCTION**
12  NAPHCARE, INC., and PIERCE COUNTY,

13                  Defendants.

14

15          Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendant NaphCare, Inc.

16  ("NaphCare") serves the following Responses and Objections to Plaintiff's Amended

17  Interrogatories and Requests for Production ("Amended Requests"; collectively "Amended

18  Discovery Requests").

19                          **PRELIMINARY STATEMENT**

20          The responses and objections set forth below are based upon such information that is

21  presently available to NaphCare. NaphCare provides these responses and objections without

22  prejudice to its right to assert additional objections and to amend or supplement any or all of the

23  information contained in its responses as additional facts are ascertained, analyses are made, and

24  research is completed. These responses and objections are made without waiving or intending to

25  waive, but on the contrary, preserving:

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S                    **Perkins Coie LLP**
AMENDED INTERROGATORIES AND REQUESTS FOR                          1201 Third Avenue, Suite 4900
PRODUCTION (No. 2:22-CV-01141) – 1                                   Seattle, WA 98101-3099
                                                                      Phone: 206.359.8000
                                                                       Fax: 206.359.9000

1            a.   all assertions as to competency, relevancy, materiality, privilege, and admissibility

2                as evidence for any purpose of the responses or subject matter thereof, in any

3                proceeding in this action, including trial, or in any other action;

4            b.   the right to object on any ground to the use of said responses, or the subject matter

5                hereof, in any proceeding in this action, including trial, or in any other action; and

6            c.   the right to object on any ground at any time to additional interrogatories, requests

7                for production, or other discovery procedures involving or relating to the subject

8                matter of these Interrogatories.

9       A partial answer to any Amended Discovery Request that has been objected to, in whole

10 or in part, is not intended to be a waiver of the objection.

11       In responding to the Amended Discovery Requests, NaphCare does not concede the

12 competency, relevancy, materiality, or admissibility of the subject matter of the Amended

13 Discovery Request. Nothing contained in its responses and objections is to be construed as an

14 admission by NaphCare concerning:

15            a.   the existence of any information or document;

16            b.   the relevance or admissibility of any information or document; or

17            c.   the truth or accuracy of any information, document, statement, construction, or

18                characterization.

19       Moreover, any information conveyed in conjunction with NaphCare's responses and

20 objections is not to be construed as an admission as to the competency, relevancy, materiality, or

21 admissibility as evidence for any purpose in this action or in any other proceeding. NaphCare will

22 respond to each Amended Discovery Request, to the extent that no objection is made, based upon

23 its interpretation and understanding of the Amended Discovery Request.

24

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 2

# GENERAL OBJECTIONS

The following objections (the "General Objections") apply to each and every Amended Discovery Request propounded by Plaintiff and are incorporated into each of the following specific responses by reference as if set forth in full in response to each individual Amended Discovery Request. Any repetition is for emphasis only and not to the exclusion of any other General Objection.

1.      NaphCare objects to the Amended Discovery Requests to the extent they seek to impose obligations greater than those imposed by the Federal Rules of Civil Procedure or applicable local rules.

2.      NaphCare objects to the Amended Discovery Requests to the extent that they seek information that falls within any relevant privilege, including but not limited to the attorney-client, work product doctrine, quality improvement privilege, or that constitutes trial preparation materials within the meaning of Federal Rule of Civil Procedure 26(b)(4), or which is otherwise protected from discovery.

3.      NaphCare objects to the Amended Discovery Requests to the extent they seek disclosure of confidential, proprietary, and trade secret information or information that is otherwise commercially sensitive not related to the care of Plaintiff.

4.      NaphCare objects to the Amended Discovery Requests to the extent they seek information that is unreasonably cumulative or duplicative or in Plaintiff's possession, custody, or control.

5.      NaphCare objects to the Amended Discovery Requests to the extent they seek information available to Plaintiff from public sources, for which the burden of obtaining such information is the same or less for Plaintiff as it is for NaphCare.

6.      NaphCare objects to the time period of the Amended Discovery Requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7.      NaphCare objects to the Amended Discovery Requests to the extent they seek information that is more efficiently and appropriately obtained through some other form of discovery.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1      8.      NaphCare objects to the Amended Discovery Requests to the extent they seek information

2      that is not within NaphCare's possession, custody, or control, or not maintained by NaphCare in

3      its ordinary course of business. NaphCare will provide only relevant, non-privileged information

4      that is presently within NaphCare's possession, custody, or control and that it is able to identify

5      after a reasonable investigation.

6      9.      NaphCare objects to the Amended Discovery Requests to the extent they require, or purport

7      to require, NaphCare to answer for third parties.

8      10.     NaphCare objects to the Amended Discovery Requests to the extent they seek information

9      of a third party that is in NaphCare's possession, custody, or control but is subject to an obligation

10     of confidentiality and/or nondisclosure to the third party. NaphCare will provide such information

11     and documents or things only to the extent it can do so consistent with such obligations.

12     11.     NaphCare objects to the definition of "you," "your," and "defendant" on the grounds that

13     they are vague and ambiguous; cause the Amended Discovery Requests to be overly broad in scope

14     and thus unduly burdensome; cause the Amended Discovery Requests to seek information which

15     is neither relevant to any claim or defense nor proportional to the needs of the case; and lack

16     foundation and call for speculation and/or a legal conclusion with respect to whether any person

17     or entity is or purports to be a "representative, agent, [or] . . . person[] acting for it, on its behalf,

18     or at its direction." For purposes of these Amended Discovery Requests, NaphCare construes

19     "defendant[,]" "you[,]" and "your" to mean NaphCare, Inc., and any employee or other person,

20     other than NaphCare's legal counsel, acting within the scope of the authority actually conferred

21     upon them by NaphCare.

22     12.     NaphCare objects to the definition of "Subject Confinement" on the grounds that it is vague

23     and ambiguous; cause the Amended Discovery Requests to be overly broad in scope and thus

24     unduly burdensome; cause the Amended Discovery Requests to seek information which is neither

25     relevant to any claim or defense nor proportional to the needs of the case.

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

13.     NaphCare objects to Instruction 8, which purports to request "all discoverable information that may be useful or necessary for the Court or counsel to analyze the alleged basis for non-production" for "any documents or materials are withheld from production on grounds of privilege or otherwise." This instruction requests information beyond what is required by Federal Rule of Civil Procedure 26(b)(5) and would result in the disclosure of information protected from discovery.

14.     NaphCare objects to Instruction 9, which purports to request certain narrative information regarding "document[s] or material[s] called for by a request [for production that] is known to have existed, but cannot now be located." This instruction is both unduly burdensome and not the proper subject of a request for production under Federal Rule of Civil Procedure 34. Moreover, any attempt to request this information through its interrogatories pursuant to Federal Rule of Civil Procedure 33 would quickly exceed the Rule's express imitation that Plaintiff can serve "no more than 25 written interrogatories."

15.     NaphCare objects the definition of "Identify" as unduly burdensome to the extent that it requests "the partnership, firm, association, corporation or other business, government or legal entity by which that person is employed or with which he or she is affiliated, and his or her position there if known."

16.     NaphCare objects to any interrogatory to the extent it exceeds Federal Rule of Civil Procedure 33's limit on the number of interrogatories, when accounting for all discrete sub-parts.

17.     NaphCare objects to the Amended Interrogatories to the extend the original version of the interrogatories has already been answered, and Plaintiff is using amendment in an attempt to cure the fatally defective interrogatories without issuing new interrogatories that would count towards the Federal Rule of Civil Procedure 33 limit.

18.     Subject to these General Objections, and to any specific objections stated below, Defendants expect to produce any responsive, non-privileged documents not already produced in a rolling production.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## INTERROGATORIES

2

3   _AMENDED_ **INTERROGATORY NO. 6:** IDENTIFY all in-custody injuries related to an

4   underlying physical or mental health condition that resulted in disability (as that term is defined

5   by the federal Social Security Administration at Code of Federal Regulations § 404.1505) or

6   death that have occurred at jail facilities in Washington State where NaphCare provides services

7   from 2013 up to and including the Subject Confinement (a period of five (5) years). For each

8   incident, IDENTIFY the name of the inmate, date of the injury or death, manner of the injury or

9   death, and whether an investigation or mortality review was conducted.

10  **RESPONSE:** NaphCare objects that this Interrogatory is irrelevant, overly broad and unduly

11  burdensome, taking into account the needs of the case, the amount in controversy, the parties'

12  resources, and the importance of the proposed discovery in resolving the issues at stake in the

13  litigation in that it requests information unrelated to Mr. Tapia. Mr. Tapia neither died nor is

14  disabled as "defined by the federal Social Security Administration at Code of Federal Regulations

15  § 404.1505" as he is currently gainfully employed. _See_ TAPIA047766–82. NaphCare objects that

16  this Interrogatory is overbroad in terms of timeframe and scope, covering all of Washington state

17  for five years and requesting information related to mental health despite NaphCare not providing

18  comprehensive mental health services at Pierce County Jail. NaphCare also objects that this

19  Interrogatory is vague in that it requests information regarding "all in-custody injuries related to

20  an underlying physical or mental health condition" without defining what "underlying physical or

21  mental health condition" means. NaphCare further objects that the definition of the "Subject

22  Confinement" is vague and ambiguous. NaphCare further objects to this Request to the extent it

23  calls for documents or materials protected by the attorney-client privilege, work product doctrine,

24  or other available privileges, including, but not limited to those provided by Federal Rule of Civil

25  Procedure 26. NaphCare objects to the extent this Interrogatory purports to amend a prior

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  interrogatory in an attempt to not count it towards the interrogatory limit in Federal Rule of Civil

2  Procedure 33.

3       NaphCare will not respond to this Interrogatory.

4

5  *AMENDED* **INTERROGATORY NO. 8:** Describe NaphCare's policies, procedures, training

6  materials, and/or protocols related to the taking and recording of inmate vital signs at the Pierce

7  County Jail during the Subject Confinement.

8  **RESPONSE:** NaphCare objects to this Interrogatory as vague and overbroad to the extent that it

9  requests information about "taking and recording inmate vital signs." NaphCare further objects

10 that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare also objects

11 to this Interrogatory as overbroad because it is not limited to vital signs taken once the person is

12 housed in a unit. NaphCare further objects that this Interrogatory is duplicative of Interrogatory

13 No. 12. NaphCare also objects to the extent this Interrogatory purports to amend a prior

14 interrogatory in an attempt to not count it towards the interrogatory limit in Federal Rule of Civil

15 Procedure 33.

16      Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure

17 33(d), NaphCare refers Plaintiff to NCI 000323–000324, NCI 000362–000370, NCI 000397–

18 000400, NCI 000408–000413, NCI 000419–000426, NCI 000444–000449, NCI 000453–

19 000455, NCI 000461–000465, NCI 000702–000730, NCI 000746–000822, NCI 000908–

20 001006. These documents are produced as Confidential pursuant to the Stipulated Protective

21 Order. Dkt. No. 43.

22

23 *AMENDED* **INTERROGATORY NO. 10:** Describe NaphCare's policies, procedures, training

24 materials, and/or protocols related to the maintenance performed on any medical equipment used

25 by NaphCare at the Pierce County Jail during the Subject Confinement to take and record inmate

26 vital signs.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **RESPONSE:** NaphCare objects to this Interrogatory as vague and overbroad to the extent that it

2    requests information about "any medical equipment used by NaphCare" "to take and record inmate

3    vital signs." NaphCare further objects that the definition of the "Subject Confinement" is vague

4    and ambiguous. NaphCare also objects to this Interrogatory as overbroad because it is not limited

5    to vital signs taken once the person is housed in a unit. NaphCare also objects to the extent

6    this Interrogatory purports to amend a prior interrogatory in an attempt to not count it

7    towards the interrogatory limit in Federal Rule of Civil Procedure 33.

8        Subject to and without waiving its objections, pursuant to Federal Rule of Civil

9    Procedure 33(d), NaphCare refers Plaintiff to NCI 000258–000260, NCI 000280–000291, N CI

10   000305–000306, NCI 000320–000321.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# REQUESTS FOR PRODUCTION

***AMENDED* REQUEST FOR PRODUCTION NO. 5B:** Produce all reviews, reports, root cause analyses, or any similar type of audits or reviews relating to in-custody injuries or deaths that resulted in disability (as that term is defined by the federal Social Security Administration at Code of Federal Regulations § 404.1505) or death that have occurred at jail facilities in Washington State where NaphCare provides services from 2013 up to and including the Subject Confinement (a period of five (5) years).

**RESPONSE:** NaphCare objects that this Request is irrelevant, overly broad and unduly burdensome, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving the issues at stake in the litigation in that it requests information unrelated to Mr. Tapia. Mr. Tapia neither died nor is disabled as "defined by the federal Social Security Administration at Code of Federal Regulations § 404.1505" as he is currently gainfully employed. *See* TAPIA047766–82. NaphCare objects that this Request is overbroad in terms of timeframe and scope, covering all of Washington state for five years and appears to request information related to mental health despite NaphCare not providing comprehensive mental health services at Pierce County Jail. NaphCare also objects that "root cause analyses, or any similar type of audits or reviews" are vague. NaphCare further objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privileges, including, but not limited to those provided by Federal Rule of Civil Procedure 26.

NaphCare will not produce documents in response to this Request.

***AMENDED* REQUEST FOR PRODUCTION NO. 6:** Produce all documents and materials you identified or relied upon in answering Plaintiff's Amended Interrogatory No. 6, including all materials produced as a result of any identified investigation.

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **RESPONSE:** NaphCare objects that this Request is irrelevant, overly broad and unduly

2    burdensome, taking into account the needs of the case, the amount in controversy, the parties'

3    resources, and the importance of the proposed discovery in resolving the issues at stake in the

4    litigation in that it requests information unrelated to Mr. Tapia. Mr. Tapia neither died nor is

5    disabled as "defined by the federal Social Security Administration at Code of Federal Regulations

6    § 404.1505" as he is currently gainfully employed. *See* TAPIA047766–82. NaphCare objects that

7    this Request is overbroad in terms of timeframe and scope, covering all of Washington state for

8    five years and requesting information related to mental health despite NaphCare not providing

9    comprehensive mental health services at Pierce County Jail. NaphCare also objects that this

10   Request is vague in that it requests information regarding "all in-custody injuries related to an

11   underlying physical or mental health condition" without defining what "underlying physical or

12   mental health condition" means. NaphCare further objects to this Request to the extent it calls for

13   documents or materials protected by the attorney-client privilege, work product doctrine, or other

14   available privileges, including, but not limited to those provided by Federal Rule of Civil

15   Procedure 26.

16           NaphCare will not produce documents in response to this Request.

17

18   *AMENDED* **REQUEST FOR PRODUCTION NO. 8:** Produce all documents and materials you

19   identified or relied upon in answering Plaintiff's Amended Interrogatory No. 8.

20   **RESPONSE:** NaphCare objects to this Request as vague and overbroad to the extent that it

21   requests information about "taking and recording inmate vital signs." NaphCare further objects

22   that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare also objects

23   to this Request as overbroad because it is not limited to vital signs taken once the person is housed

24   in a unit. NaphCare further objects that this Request is duplicative of Document Request No. 12.

25           Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI 000323–

26   000324, NCI 000362–000370, NCI 000397–000400 NCI 000408–000413, NCI 000419–000426,

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   NCI 000444–000449, NCI 000453–000455, NCI 000461–000465, NCI 000702–000730, NCI

2   000746–000822, NCI 000908–001006. These documents are produced as Confidential pursuant

3   to the Stipulated Protective Order. Dkt. No. 43

4

5   ***AMENDED* REQUEST FOR PRODUCTION NO. 10:** Produce all documents and materials

6   you identified or relied upon in answering Plaintiff's Amended Interrogatory No. 10.

7   **RESPONSE:** NaphCare objects to this Request as vague and overbroad to the extent that it

8   requests information about "any medical equipment used by NaphCare" "to take and record inmate

9   vital signs." NaphCare further objects that the definition of the "Subject Confinement" is vague

10  and ambiguous. NaphCare also objects to this Request as overbroad because it is not limited to

11  vital signs taken once the person is housed in a unit.

12      Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI 000258–

13  000260, NCI 000280–000291, NCI 000305–000306, NCI 000320–000321.

14

15  ***AMENDED* REQUEST FOR PRODUCTION NO. 25:** Produce all documents and materials

16  relating to any internal budget for operations in connection with any agreement for inmate health

17  care and/or mental health care services at the Pierce County Jail in the five (5) years preceding and

18  including the Subject Confinement, including, but not limited to, any actual or projected budget,

19  budget line-items, budget breakdown by category, and documents or materials reflecting an

20  analysis of actual costs and expenses relative to budget.

21  **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks

22  information that is not relevant or proportional to the needs of the case as it seeks information

23  unrelated to Mr. Tapia's care. NaphCare further objects that this Request is overbroad in terms of

24  time, requesting materials over a five-year period. NaphCare also objects to the extent this

25  Request seeks information that is not in NaphCare's possession, custody or control. NaphCare

26  further objects as NaphCare does not provide comprehensive mental health services at Pierce

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    County Jail yet the Request seeks information regarding "mental health care services." NaphCare

2    also objects that "any internal budget for operation" is vague. NaphCare further objects to this

3    Request to the extent it calls for documents or materials protected by the attorney-client

4    privilege, work product doctrine, or other available privileges, including, but not limited to those

5    provided by Federal Rule of Civil Procedure 26.

6

7    ***AMENDED* REQUEST FOR PRODUCTION NO. 26:** Produce all documents and materials

8    expressing or communicating any concerns or questions relating to budget overages (whether in

9    whole or specific to any line-item or category of expense) in connection with any agreement for

10   inmate health care and/or mental health care services at the Pierce County Jail in the five (5) years

11   preceding and including the Subject Confinement.

12   **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks

13   information that is not relevant or proportional to the needs of the case as it seeks information

14   unrelated to Mr. Tapia's care. NaphCare further objects that this Request is overbroad in terms of

15   time, requesting materials over a five-year period. NaphCare also objects to the extent this

16   Request seeks information that is not in NaphCare's possession, custody or control. NaphCare

17   further objects as NaphCare does not provide comprehensive mental health services at Pierce

18   County Jail yet the Request seeks information regarding "mental health care services." NaphCare

19   also objects that "expressing or communicating any concerns or questions relating to budget

20   overages (whether in whole or specific to any line-item or category of expense)" is vague.

21   NaphCare further objects to this Request to the extent it calls for documents or materials

22   protected by the attorney-client privilege, work product doctrine, or other available privileges,

23   including, but not limited to those provided by Federal Rule of Civil Procedure 26.

24

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2    Dated this 5th day of October, 2023.                s/ _____

3                                                         David A. Perez, WSBA No. 43959
                                                          Juliana Bennington, WSBA No. 60357
4                                                         Jedidiah K.R. Blake, WSBA No. 59610
                                                          **Perkins Coie LLP**
5                                                         1201 Third Avenue, Suite 4900
                                                          Seattle, WA  98101-3099
6                                                         Telephone:  206.359.8000
                                                          Facsimile:   206.359.9000
7                                                         E-mail:  Dperez@perkinscoie.com
                                                                       JBennington@perkinscoie.com
8                                                                      JBlake@perkinscoie.com

9                                                         Jacob Dean (*admitted pro hac vice*)
                                                          **Perkins Coie LLP**
10                                                        1888 Century Park East, Suite 1700
                                                          Los Angeles, CA 90067-1721
11                                                        Telephone: 310.788.3365
                                                          Facsimile: 310.788.3365
12                                                        E-mail:  JacobDean@perkinscoie.com

13                                                         *Attorneys for Defendant NaphCare, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S AMENDED INTERROGATORIES AND REQUESTS FOR PRODUCTION (No. 2:22-CV-01141) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## CERTIFICATION OF ATTORNEY

2      I am the attorney for the defendant in this matter and hereby certify that the foregoing

3  responses to these discovery requests and any objections thereto comply with FRCP 26.

4      DATED this 5th day of October 2023, at Seattle, Washington.

5

6                                                      _____
                                                       David A. Perez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S          **Perkins Coie LLP**
AMENDED INTERROGATORIES AND REQUESTS FOR                    1201 Third Avenue, Suite 4900
PRODUCTION (No. 2:22-CV-01141) – 14                         Seattle, WA  98101-3099
                                                            Phone:  206.359.8000
                                                            Fax:  206.359.9000

1    Pursuant to 28 U.S.C. § 1746, Candice D. Sherman declares as follows:

2         I have read the foregoing Plaintiff's Amended Interrogatories and Requests for

3    Production to Defendant NaphCare, Inc. and Answers and Responses thereto, know the contents

4    thereof, and believe the same to be true.

5         I declare under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.

7

8

9         DATED this 5th day of October 2023, at Birmingham, Alabama.

10

11

12

13                                        Senior Corporate Counsel - Litigation
                                                For Defendant NaphCare, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 15

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I certify that on October 5, 2023, I caused the foregoing document to be served on the following attorney(s) of record of record by the method(s) indicated:

| | |
|---|---|
| Ryan Dreveskracht, WSBA No. 42593<br>Corinne Sebren, WSBA No. 58777<br>Galanda Broadman, PLLC<br>8606 35th Avenue NE, Suite L1<br>PO Box 15146<br>Seattle, WA 98115<br>Telephone: 206.557.7509<br>E-mail: ryan@galadabroadman.com<br>E-mail: corinne@galandabroadman.com<br><br>*Attorneys for Plaintiff Javier Tapia* | ___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Hand Delivery<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via ECF<br>_X_ Via E-mail |
| Kristal M. Cowger, WSBA # 43079<br>Pierce County Prosecuting Attorney<br>930 Tacoma Avenue South, Suite 946<br>Tacoma, WA 98402-2102<br>Telephone: 253.798.4265<br>Email: kristal.cowger@piercecountywa.gov<br><br>*Attorneys for Defendant Pierce County* | ___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Hand Delivery<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via ECF<br>_X_ Via E-mail |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 5th day of October 2023.

_____
Arkady Ayrapetov

DEFENDANT NAPHCARE, INC.'S RESPONSES TO PLAINTIFF'S
AMENDED INTERROGATORIES AND REQUESTS FOR
PRODUCTION (No. 2:22-CV-01141) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000