# EXHIBIT 27

THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVIER TAPIA,

Plaintiff,

vs.

NAPHCARE, INC., and PIERCE COUNTY,

Defendants.

No. 2:22-CV-01141

**DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendant NaphCare, Inc. ("NaphCare") serves the following Responses and Objections to Plaintiff's Interrogatories and Requests for Production ("Requests"; collectively "Discovery Requests").

**<u>PRELIMINARY STATEMENT</u>**

The responses and objections set forth below are based upon such information that is presently available to NaphCare. NaphCare provides these responses and objections without prejudice to its right to assert additional objections and to amend or supplement any or all of the information contained in its responses as additional facts are ascertained, analyses are made, and research is completed. These responses and objections are made without waiving or intending to waive, but on the contrary, preserving:

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

a. all assertions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof, in any proceeding in this action, including trial, or in any other action;

b. the right to object on any ground to the use of said responses, or the subject matter hereof, in any proceeding in this action, including trial, or in any other action; and

c. the right to object on any ground at any time to additional interrogatories, requests for production, or other discovery procedures involving or relating to the subject matter of these Interrogatories.

A partial answer to any Discovery Request that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

In responding to the Discovery Requests, NaphCare does not concede the competency, relevancy, materiality, or admissibility of the subject matter of the Discovery Request. Nothing contained in its responses and objections is to be construed as an admission by NaphCare concerning:

a. the existence of any information or document;

b. the relevance or admissibility of any information or document; or

c. the truth or accuracy of any information, document, statement, construction, or characterization.

Moreover, any information conveyed in conjunction with NaphCare's responses and objections is not to be construed as an admission as to the competency, relevancy, materiality, or admissibility as evidence for any purpose in this action or in any other proceeding. NaphCare will respond to each Discovery Request, to the extent that no objection is made, based upon its interpretation and understanding of the Discovery Request.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**GENERAL OBJECTIONS**

The following objections (the "General Objections") apply to each and every Discovery Request propounded by Plaintiff and are incorporated into each of the following specific responses by reference as if set forth in full in response to each individual Discovery Request. Any repetition is for emphasis only and not to the exclusion of any other General Objection.

1.    NaphCare objects to the Discovery Requests to the extent they seek to impose obligations greater than those imposed by the Federal Rules of Civil Procedure or applicable local rules.

2.    NaphCare objects to the Discovery Requests to the extent that they seek information that falls within any relevant privilege, including but not limited to the attorney-client, work product doctrine, quality improvement privilege, or that constitutes trial preparation materials within the meaning of Federal Rule of Civil Procedure 26(b)(4), or which is otherwise protected from discovery.

3.    NaphCare objects to the Discovery Requests to the extent they seek disclosure of confidential, proprietary, and trade secret information or information that is otherwise commercially sensitive not related to the care of Plaintiff.

4.    NaphCare objects to the Discovery Requests to the extent they seek information that is unreasonably cumulative or duplicative or in Plaintiff's possession, custody, or control.

5.    NaphCare objects to the Discovery Requests to the extent they seek information available to Plaintiff from public sources, for which the burden of obtaining such information is the same or less for Plaintiff as it is for NaphCare.

6.    NaphCare objects to the time period of the Discovery Requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 3

7.    NaphCare objects to the Discovery Requests to the extent they seek information that is more efficiently and appropriately obtained through some other form of discovery.

8.    NaphCare objects to the Discovery Requests to the extent they seek information that is not within NaphCare's possession, custody, or control, or not maintained by NaphCare in its ordinary course of business. NaphCare will provide only relevant, non-privileged information that is presently within NaphCare's possession, custody, or control and that it is able to identify after a reasonable investigation.

9.    NaphCare objects to the Discovery Requests to the extent they require, or purport to require, NaphCare to answer for third parties.

10.    NaphCare objects to the Discovery Requests to the extent they seek information of a third party that is in NaphCare's possession, custody, or control but is subject to an obligation of confidentiality and/or nondisclosure to the third party. NaphCare will provide such information and documents or things only to the extent it can do so consistent with such obligations.

11.    NaphCare objects to the definition of "you," "your," and "defendant" on the grounds that they are vague and ambiguous; cause the Discovery Requests to be overly broad in scope and thus unduly burdensome; cause the Discovery Requests to seek information which is neither relevant to any claim or defense nor proportional to the needs of the case; and lack foundation and call for speculation and/or a legal conclusion with respect to whether any person or entity is or purports to be a "representative, agent, [or] . . . person[] acting for it, on its behalf, or at its direction." For purposes of these Discovery Requests, NaphCare construes "defendant[,]" "you[,]" and "your" to mean NaphCare, Inc., and any employee or other person, other than NaphCare's legal counsel, acting within the scope of the authority actually conferred upon them by NaphCare.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

12.     NaphCare objects to the definition of "Subject Confinement" on the grounds that it is vague and ambiguous; cause the Discovery Requests to be overly broad in scope and thus unduly burdensome; cause the Discovery Requests to seek information which is neither relevant to any claim or defense nor proportional to the needs of the case.

13.     NaphCare objects to Instruction 8, which purports to request "all discoverable information that may be useful or necessary for the Court or counsel to analyze the alleged basis for non-production" for "any documents or materials are withheld from production on grounds of privilege or otherwise." This instruction requests information beyond what is required by Federal Rule of Civil Procedure 26(b)(5) and would result in the disclosure of information protected from discovery.

14.     NaphCare objects to Instruction 9, which purports to request certain narrative information regarding "document[s] or material[s] called for by a request [for production that] is known to have existed, but cannot now be located." This instruction is both unduly burdensome and not the proper subject of a request for production under Federal Rule of Civil Procedure 34. Moreover, any attempt to request this information through its interrogatories pursuant to Federal Rule of Civil Procedure 33 would quickly exceed the Rule's express imitation that Plaintiff can serve "no more than 25 written interrogatories."

15.     NaphCare objects the definition of "Identify" as unduly burdensome to the extent that it requests "the partnership, firm, association, corporation or other business, government or legal entity by which that person is employed or with which he or she is affiliated, and his or her position there if known."

16.     NaphCare objects to any interrogatory to the extent it exceeds Federal Rule of Civil Procedure 33's limit on the number of interrogatories, when accounting for all discrete sub-parts.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

17.    Subject to these General Objections, and to any specific objections stated below, Defendants expect to produce any responsive, non-privileged documents not already produced in a rolling production.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

## **INTERROGATORIES**

3

**INTERROGATORY NO. 1:** IDENTIFY every person associated with NaphCare, Inc. ("NaphCare" who had any responsibility of any kind or nature whatsoever (whether formal or informal) for investigating or inquiring into any aspect of the facts or circumstances surrounding the conditions of confinement, injury, and/or treatment of Javier Tapia.

**RESPONSE:** NaphCare objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant, proportional to the needs of the case, or reasonably calculated to lead to the discovery of admissible evidence in this matter to the extent it requests information related to "every person associated with NaphCare, Inc. ("NaphCare" who had any responsibility of any kind or nature whatsoever (whether formal or informal) for investigating or inquiring into any aspect of the facts or circumstances surrounding the conditions of confinement, injury, and/or treatment of Javier Tapia." NaphCare further objects that this Interrogatory is vague and ambiguous as to what constitutes "conditions of confinement." NaphCare further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, work product doctrine, or other available privilege, including those provided by Federal Rule of Civil Procedure 26.

**FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and without waiving its objections, NaphCare supplements its answer to state that NaphCare did not perform any non-privileged investigations relating to Mr. Tapia. NaphCare refers Plaintiff to NCI 001050, NCI 001095–001096 as non-privileged documents referencing such an investigation. NaphCare further supplements its answer to state that Pierce County may have conducted an investigation. For further information, NaphCare refers Plaintiff to Pierce County and NCI 000678, NCI 001021–001025, NCI 001144–001145, NCI 001158–001162.

25

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **INTERROGATORY NO. 11:** Describe the policies, procedures, or protocols by which

2    NaphCare staff at the Pierce County Jail during the Subject Confinement communicated with

3    County staff/correctional officers regarding inmate medical/behavioral health changes, requests,

4    or needs.

5    **RESPONSE:** NaphCare objects to this Interrogatory to the extent it calls for information that is

6    not in NaphCare's possession, custody or control. NaphCare also objects that the definition of the

7    "Subject Confinement" is vague and ambiguous.

8            Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure

9    33(d), NaphCare refers Plaintiff to NCI000315–16, 352–53, 364–70, 381–82, 408–09, 433–35,

10   442–43, 450–52. NaphCare will also produce NaphCare's Proposal in response to Pierce County's

11   Request for Proposal, which outlines coordination between Pierce County Jail correctional and

12   mental health staff and NaphCare.

13   **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

14   without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers

15   Plaintiff to NCI 000480–000674, NCI 000823. These documents are produced as Confidential

16   pursuant to the Stipulated Protective Order. Dkt. No. 43.

17

18   **INTERROGATORY NO. 12:** Describe NaphCare's policies, procedures, training materials,

19   and/or protocols at the Pierce County Jail during the Subject Confinement related to the taking and

20   recording of inmate vital signs.

21   **RESPONSE:** NaphCare objects to this Interrogatory as vague and overbroad to the extent that it

22   requests information about "taking and recording inmate vital signs." NaphCare further objects

23   that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare also objects

24   to this Interrogatory as overbroad because is not limited to vital signs taken once the person is

25   housed in a unit.

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure

2    33(d), NaphCare refers Plaintiff to NCI000323–24, 364–70,410–11, 444–49. NaphCare will also

3    produce presentations on taking and documenting vital signs that were given in 2018.

4    **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

5    without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers

6    Plaintiff to NCI 000702–000730, NCI 000746–000822, NCI 000908–001006. These documents

7    are produced as Confidential pursuant to the Stipulated Protective Order. Dkt. No. 43.

8

9    **INTERROGATORY NO. 13:** Describe NaphCare's policies, procedures, training materials,

10   and/or protocols at the Pierce County Jail during the Subject Confinement related to the referral or

11   transfer of inmates to medical doctors.

12   **RESPONSE:** NaphCare objects to this Interrogatory as vague regarding what is meant by

13   "referral or transfer of inmates to medical doctors." NaphCare also objects that the definition of

14   the "Subject Confinement" is vague and ambiguous.

15   Subject to and without waiving its objections, pursuant to Federal Rule of Civil Procedure

16   33(d), NaphCare refers Plaintiff to NCI000352–53, 360–61, 364–70, 373–77, 383–84, 419.

17   NaphCare will also produce presentations on the referral or transfer of inmates/patients to medical

18   doctors that were given in 2018.

19   **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

20   without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers

21   Plaintiff to NCI 000701, NCI 000732–000739, NCI 000746–000823. These documents are

22   produced as Confidential pursuant to the Stipulated Protective Order. Dkt. No. 43.

23

24   **INTERROGATORY NO. 14:** Describe NaphCare's policies, procedures, training materials,

25   and/or protocols at the Pierce County Jail during the Subject Confinement related to the referral or

26   transfer of inmates to outside medical providers.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  **RESPONSE:** NaphCare objects to this Interrogatory because the definition of the "Subject

2  Confinement" is vague and ambiguous.

3        Subject to and without waiving its objection, pursuant to Federal Rule of Civil Procedure

4  33(d), NaphCare refers Plaintiff to its policy and procedure manual (NCI 000247–000479),

5  including but not limited to, NCI000278–81, 352–53, 360–61, 364–70, 373–77, 380, 383–84, 401–

6  07, 418, 450–52. NaphCare will also produce trainings focused on referral or transfer to outside

7  medical providers that were given in 2018 and NaphCare's Proposal in response to Pierce County's

8  Request for Proposal, which outlines outside medical services.

9  **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

10  without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers

11  Plaintiff to NCI 000480–000674, NCI 000701, NCI 000731, NCI 000740–000745, NCI 000762–

12  000822, NCI 000858–000907. These documents are produced as Confidential pursuant to the

13  Stipulated Protective Order. Dkt. No. 43.

14

15  **INTERROGATORY NO. 15:** Describe NaphCare's policies, procedures, training materials,

16  and/or protocols at the Pierce County Jail during the Subject Confinement related to refusal of

17  food or drink by inmates.

18  **RESPONSE:** NaphCare objects to this Interrogatory as overbroad, unduly burdensome, and seeks

19  information that is not relevant or proportional to the needs of the case as there is no allegations

20  that Mr. Tapia was not provided food or drink by NaphCare. NaphCare also objects that the

21  definition of the "Subject Confinement" is vague and ambiguous.

22        Subject to and without waiving the objections, pursuant to Federal Rule of Civil Procedure

23  33(d), NaphCare refers Plaintiff to NCI000408–09.

24  **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

25  without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1 Plaintiff to NCI 000823. These documents are produced as Confidential pursuant to the Stipulated

2 Protective Order. Dkt. No. 43.

3

4 **INTERROGATORY NO. 16:** Describe NaphCare's policies, procedures, training materials,

5 and/or protocols at the Pierce County Jail during the Subject Confinement related to the referral of

6 inmates to mental/behavioral health care professionals.

7 **RESPONSE:** NaphCare objects to this Interrogatory because the definition of the "Subject

8 Confinement" is vague and ambiguous.

9       Subject to and without waiving its objection, pursuant to Federal Rule of Civil Procedure

10 33(d), NaphCare refers Plaintiff to NCI000364–77, 408–09, 414–18, 419–20, 427–30, 433–41,

11 453–55. NaphCare will also produce NaphCare's Proposal in response to Pierce County's Request

12 for Proposal, which outlines referral to Pierce County Jail mental health staff.

13 **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

14 without waiving its objections, pursuant to Federal Rule of Civil Procedure 33(d), NaphCare refers

15 Plaintiff to NCI 000480–000674, NCI 000762–000823, NCI 000858–000907. These documents

16 are produced as Confidential pursuant to the Stipulated Protective Order. Dkt. No. 43.

17

18 **INTERROGATORY NO. 17:** Describe all of NaphCare's employee reward and/or

19 incentivization policies, programs, initiatives, or efforts at the Pierce County Jail during the

20 Subject Confinement.

21 **RESPONSE:** NaphCare objects to this Interrogatory as overbroad, unduly burdensome, and seeks

22 information that is not relevant or proportional to the needs of the case as it seeks information

23 regarding policies unrelated to patient care. NaphCare further objects to this Interrogatory to the

24 extent it seeks disclosure of confidential, proprietary, and trade secret information or information

25 that is otherwise commercially sensitive not relevant to the claims in this matter. NaphCare objects

26 to this Interrogatory because the definition of the "Subject Confinement" is vague and ambiguous.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

2   without waiving its objections, NaphCare does not have any reward and/or incentivization policies,

3   programs, initiatives, or efforts at the Pierce County Jail relating to NaphCare's profits.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## REQUESTS FOR PRODUCTION

2

3  **REQUEST FOR PRODUCTION NO. 1:** Produce all documents and materials that mention,

4  reference, or relate to Javier Tapia, including medical records, any kind of form or report, photos,

5  videos, texts, e-mails, social media messages, diaries, notes, memos, or any other printed or

6  electronically stored information. If any such materials once existed but have been deleted,

7  misplaced, or erased, please describe what once existed with as much particularity as you can and

8  state when the material was deleted, discarded, or lost.

9  **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking

10  into account the needs of the case, the amount in controversy, the parties' resources, and the

11  importance of the proposed discovery in resolving the issues at stake in the litigation in that it

12  requests "all documents and materials that mention, reference, or relate to Javier Tapia" without

13  any limitation as to time frame or subject matter. NaphCare objects to this Request to the extent it

14  calls for documents or materials protected by the attorney-client privilege, work product doctrine,

15  or other available privilege, including, but not limited to those provided by Federal Rule of Civil

16  Procedure 26. NaphCare further objects to this Request's instruction that NaphCare "describe"

17  materials no longer in its possession, which is unduly burdensome and not the proper subject of a

18  request for production under Federal Rule of Civil Procedure 34. NaphCare further objects that, to

19  the extent this Request seeks information not within the proper scope of discovery. NaphCare also

20  objects to that "relate" is vague as used in this Request.

21  Subject to and without waiving its objections, NaphCare refers Plaintiff to NAPH000001–

22  625.

23  **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

24  without waiving its objections, NaphCare refers Plaintiff to NCI 000675–000678, NCI 001011–

25  001035, NCI 001037, NCI 001039, NCI 001041, NCI 001043, NCI 001045–001087, NCI

26

1   001089–001108, NCI 001110, NCI 001112–001148, NCI 001152–001165, NCI 001168, NCI

2   001170, NCI 001172, NCI 001174.

3

4   **REQUEST FOR PRODUCTION NO. 2:** Produce all investigative documents and materials of

5   any kind or nature relating to the conditions of confinement of Javier Tapia, the Subject

6   Confinement or any aspect thereof, and any investigation or inquiry into the injury and/or physical

7   or mental health treatment of Javier Tapia and/or the facts and circumstances leading up to and

8   surrounding his injury.

9   **RESPONSE:** NaphCare objects to this Request to the extent it calls for documents or materials

10  protected by the attorney-client privilege, work product doctrine, or other available privilege,

11  including but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare

12  further objects that this Request is vague and ambiguous as to what constitutes "investigate

13  documents and materials" and "conditions of confinement." NaphCare also objects to this Request

14  as overbroad to the extent that it seeks documents relating to the "Subject Confinement or any

15  aspect thereof" not related to Mr. Tapia. NaphCare also objects that the definition of the "Subject

16  Confinement" is vague and ambiguous. NaphCare further objects that, to the extent this Request

17  seeks information not within the proper scope of discovery.

18          Subject to and without waiving its objections, none.

19  **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

20  without waiving its objections, NaphCare supplements its answer to state that NaphCare did not

21  perform any non-privileged investigations relating to Mr. Tapia. NaphCare refers Plaintiff to NCI

22  001050, NCI 001095–001096 as non-privileged documents referencing such an investigation.

23  NaphCare further supplements its answer to state that Pierce County may have conducted an

24  investigation. For further information, NaphCare refers Plaintiff to Pierce County and NCI 000678,

25  NCI 001021–001025, NCI 001144–001145, NCI 001158–001162.

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **REQUEST FOR PRODUCTION NO. 3:** Produce all documents reflecting any request for

2    information from any person, firm, or entity relating to the Subject Confinement, injury, and/or

3    the physical or mental health treatment of Javier Tapia.

4    **RESPONSE:** NaphCare objects to this Request to the extent it calls for documents or materials

5    protected by the attorney-client privilege, work product doctrine, or other available privilege,

6    including but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare

7    further objects that "any request for information" is vague. NaphCare also objects to this Request

8    as overbroad to the extent that it seeks information relating to the "Subject Confinement" not

9    related to Mr. Tapia and to the extent that it requests documents not related to the facts giving rise

10   to the claims. NaphCare also objects that the definition of the "Subject Confinement" is vague and

11   ambiguous.

12        Subject to and without waiving its objections, NaphCare refers Plaintiff to DEF PC

13   000004–6, NAPHCARE 000184–85. NaphCare will also produce responsive non-privileged

14   written correspondence requesting Mr. Tapia's medical records that can be located after a

15   reasonable search.

16   **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

17   without waiving its objections, NaphCare refers Plaintiff to NCI 001021–001025, NCI 001087–

18   1089, NCI 001095–001096, NCI 001105–001108, NCI 001148,  NCI 001158–001162.

19

20   **REQUEST FOR PRODUCTION NO. 4:** Produce all documents provided to any person, firm,

21   or entity in response to any request for information relating to the Subject Confinement, injury,

22   and/or the physical or mental health treatment of Javier Tapia.

23   **RESPONSE:** NaphCare objects to this Request to the extent it calls for documents or materials

24   protected by the attorney-client privilege, work product doctrine, or other available privilege,

25   including but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare

26   further objects that "any request for information" is vague. NaphCare also objects to this Request

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

as overbroad to the extent that it seeks information relating to the "Subject Confinement" not related to Mr. Tapia and to the extent that it requests documents not related to the incident giving rise to the claims. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous.

Subject to and without waiving its objections, NaphCare refers Plaintiff to NAPHCARE 000001–625.

**FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI 001021–001025, NCI 001090–001091, NCI 001103–001104, NCI 001108, NCI 001153, NCI 001158–001162.

**REQUEST FOR PRODUCTION NO. 5A:**[1] Produce all documents and materials relating to any internal audit, inspection, or review of the injury and/or physical or mental health treatment of Javier Tapia. This request includes, but is not limited to:

(a)     All documents and materials considered in connection with such review;

(b)     All documents and materials consulted in connection with such review;

(c)     All documents and materials produced, created or authored by any person in connection with such review, including notes.

**RESPONSE:** NaphCare objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare further objects that this Request is vague and ambiguous as to what constitutes "internal audit, inspection, or review." NaphCare also objects to the extent that it calls for documents or materials used in reviews not conducted by NaphCare, and, therefore, beyond NaphCare's knowledge, possession, custody, or control.

---

[1] Plaintiff's Discovery Requests have two "Requests for Production No. 5." For the avoidance of confusion, NaphCare has renamed these "Requests for Production No. 5A" and "Requests for Production No. 5B."

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Subject to and without waiving its objections, none.

2    **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

3    without waiving its objections, NaphCare supplements its answer to state that NaphCare did not

4    perform any non-privileged investigations relating to Mr. Tapia. NaphCare refers Plaintiff to NCI

5    001050, NCI 001095–001096 as non-privileged documents referencing such an investigation.

6    NaphCare further supplements its answer to state that Pierce County may have conducted an

7    investigation. For further information, NaphCare refers Plaintiff to Pierce County and NCI 000678,

8    NCI 001021–001025, NCI 001144–001145, NCI 001158–001162.

9

10    **REQUEST FOR PRODUCTION NO. 9:** Produce all documents related to medical equipment

11    maintenance and safety for the equipment identified in Plaintiff's Interrogatory No. 9 at all times

12    in the five (5) years preceding (and including) the Subject Confinement.

13    **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks

14    information that is not relevant or proportional to the needs of the case as it seeks information

15    about equipment in use five years ago and there is no allegation that the vital readings taken by

16    NaphCare were faulty. NaphCare further objects to this Request to the extent it requests document

17    that are not in NaphCare's possession, custody or control related to equipment provided by the

18    Pierce County. NaphCare also objects to this Request as vague to the extent that it requests

19    information about "medical equipment used . . . to take and record inmate vital signs." NaphCare

20    also objects that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare

21    further objects to this Request to the extent it calls for documents or materials protected by the

22    attorney-client privilege, work product doctrine, or other available privilege, including, but not

23    limited to those provided by Federal Rule of Civil Procedure 26.

24    Subject to and without waiving its objections, NaphCare will produce the inspection reports

25    for the equipment at the Pierce County Jail from June 2019—the reports that cover the period of

26    Plaintiff's incarceration and show all equipment was in proper working order.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and
2  without waiving its objections, NaphCare refers Plaintiff to NCI 000679–000684, NCI 001008–
3  001010.

4

5  **REQUEST FOR PRODUCTION NO. 11:** Produce all documents and materials you identified
6  or relied upon in answering Plaintiff's Interrogatory No. 11.

7  **RESPONSE:** NaphCare objects to this Request to the extent it calls for documents that are not in
8  NaphCare's possession, custody or control. NaphCare also objects that the definition of the
9  "Subject Confinement" is vague and ambiguous. NaphCare further objects to this Request to the
10 extent it calls for documents or materials protected by the attorney-client privilege, work product
11 doctrine, or other available privilege, including, but not limited to those provided by Federal Rule
12 of Civil Procedure 26.

13        Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000315–16,
14 352–53, 364–70, 381–82, 408–09, 433–35, 442–43, 450–52. NaphCare will also produce
15 NaphCare's Proposal in response to Pierce County's Request for Proposal, which outlines
16 coordination between Pierce County Jail correctional and mental health staff and NaphCare.

17 **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and
18 without waiving its objections, NaphCare refers Plaintiff to NCI 000480–000674, NCI 000823.
19 These documents are produced as Confidential pursuant to the Stipulated Protective Order. Dkt.
20 No. 43.

21

22 **REQUEST FOR PRODUCTION NO. 12:** Produce all documents and materials you identified
23 or relied upon in answering Plaintiff's Interrogatory No. 12.

24 **RESPONSE:** NaphCare objects to this Request as vague and overbroad to the extent that it
25 requests information about "taking and recording inmate vital signs." NaphCare further objects
26 that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare also objects

1    to this Request as overbroad because is not limited to vital signs taken once the person is housed

2    in a unit. NaphCare also objects to this Request to the extent it calls for documents or materials

3    protected by the attorney-client privilege, work product doctrine, or other available privilege,

4    including, but not limited to those provided by Federal Rule of Civil Procedure 26.

5          Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000323–24,

6    364–70, 410–11, 444–49. NaphCare will also produce presentations on taking and documenting

7    vital signs that were given in 2018.

8    **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

9    without waiving its objections, NaphCare refers Plaintiff to NCI 000702–000730, NCI 000746–

10   000822, NCI 000908–001006. These documents are produced as Confidential pursuant to the

11   Stipulated Protective Order. Dkt. No. 43.

12

13   **REQUEST FOR PRODUCTION NO. 13:** Produce all documents and materials you identified

14   or relied upon in answering Plaintiff's Interrogatory No. 13.

15   **RESPONSE:** NaphCare objects that this Request is vague regarding what is meant by "referral or

16   transfer of inmates to medical doctors." NaphCare further objects that the definition of the "Subject

17   Confinement" is vague and ambiguous. NaphCare also objects to this Request to the extent it calls

18   for documents or materials protected by the attorney-client privilege, work product doctrine, or

19   other available privilege, including, but not limited to those provided by Federal Rule of Civil

20   Procedure 26.

21         Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000352–53,

22   360–61, 364–70, 373–77, 383–84, 419. NaphCare will also produce presentations on the referral

23   or transfer of inmates/patients to medical doctors that were given in 2018.

24   **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

25   without waiving its objections, NaphCare refers Plaintiff to NCI 000701, NCI 000732–000739,

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    NCI 000746–000823. These documents are produced as Confidential pursuant to the Stipulated

2    Protective Order. Dkt. No. 43.

3

4    **REQUEST FOR PRODUCTION NO. 14:** Produce all documents and materials you identified

5    or relied upon in answering Plaintiff's Interrogatory No. 14.

6    **RESPONSE:** NaphCare objects to this Request because the definition of the "Subject

7    Confinement" is vague and ambiguous. NaphCare further objects to this Request to the extent it

8    calls for documents or materials protected by the attorney-client privilege, work product doctrine,

9    or other available privilege, including, but not limited to those provided by Federal Rule of Civil

10   Procedure 26.

11       Subject to and without waiving its objections, NaphCare refers Plaintiff to its policy and

12   procedure manual (NCI 000247–000479), including but not limited to, NCI000278–81, 352–53,

13   360–61, 364–70, 373–77, 380, 383–84, 401–07, 418, 450–52. NaphCare will also produce

14   trainings focused on referral or transfer to outside medical providers that were given in 2018 and

15   NaphCare's Proposal in response to Pierce County's Request for Proposal, which outlines outside

16   medical services.

17   **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

18   without waiving its objections, NaphCare refers Plaintiff to NCI 000480–000674, NCI 000701,

19   NCI 000731, NCI 000740–000745, NCI 000762–000822, NCI 000858–000907. These documents

20   are produced as Confidential pursuant to the Stipulated Protective Order. Dkt. No. 43.

21

22   **REQUEST FOR PRODUCTION NO. 15:** Produce all documents and materials you identified

23   or relied upon in answering Plaintiff's Interrogatory No. 15.

24   **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks

25   information that is not relevant or proportional to the needs of the case as there is no allegations

26   that Mr. Tapia was not provided food or drink. NaphCare also objects that the definition of the

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 20

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  "Subject Confinement" is vague and ambiguous. NaphCare further objects to this Request to the

2  extent it calls for documents or materials protected by the attorney-client privilege, work product

3  doctrine, or other available privilege, including, but not limited to those provided by Federal Rule

4  of Civil Procedure 26.

5        Subject to and without waiving the objections, NaphCare refers Plaintiff to NCI000408–

6  09.

7  **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

8  without waiving its objections, NaphCare refers Plaintiff to NCI 000823. These documents are

9  produced as Confidential pursuant to the Stipulated Protective Order. Dkt. No. 43.

10

11  **REQUEST FOR PRODUCTION NO. 16:** Produce all documents and materials you identified

12  or relied upon in answering Plaintiff's Interrogatory No. 16.

13  **RESPONSE:** NaphCare objects to this Request because the definition of the "Subject

14  Confinement" is vague and ambiguous. NaphCare further objects to this Request to the extent it

15  calls for documents or materials protected by the attorney-client privilege, work product doctrine,

16  or other available privilege, including, but not limited to those provided by Federal Rule of Civil

17  Procedure 26.

18        Subject to and without waiving its objections, NaphCare refers Plaintiff to NCI000364–77,

19  408–09, 414–18, 419–20, 427–30, 433–41, 453–55. NaphCare will also produce NaphCare's

20  Proposal in response to Pierce County's Request for Proposal, which outlines referral to Pierce

21  County Jail mental health staff.

22  **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

23  without waiving its objections, NaphCare refers Plaintiff to NCI 000480–000674, NCI 000762–

24  000823, NCI 000858–000907. These documents are produced as Confidential pursuant to the

25  Stipulated Protective Order. Dkt. No. 43.

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **REQUEST FOR PRODUCTION NO. 17:** Produce all documents and materials you identified

2    or relied upon in answering Plaintiff's Interrogatory No. 17.

3    **RESPONSE:** NaphCare objects to this Request as overbroad, unduly burdensome, and seeks

4    information that is not relevant or proportional to the needs of the case as it seeks information

5    regarding policies unrelated to patient care. NaphCare further objects to this Request to the extent

6    it seeks disclosure of confidential, proprietary, and trade secret information or information that is

7    otherwise commercially sensitive not relevant to the claims in this matter. NaphCare objects to

8    this Request because the definition of the "Subject Confinement" is vague and ambiguous.

9    NaphCare further objects to this Request to the extent it calls for documents or materials protected

10   by the attorney-client privilege, work product doctrine, or other available privilege, including, but

11   not limited to those provided by Federal Rule of Civil Procedure 26.

12   **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

13   without waiving its objections, NaphCare does not have any reward and/or incentivization policies,

14   programs, initiatives, or efforts at the Pierce County Jail relating to NaphCare's profits.

15

16   **REQUEST FOR PRODUCTION NO. 20:** Produce all external audits of NaphCare, Inc.'s

17   medical or mental health services conducted in Washington State at any time from 2013 (five years

18   prior to Subject Confinement) to present, together with all documents and materials generated in

19   connection with or in response to any such audit.

20   **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking

21   into account the needs of the case, the amount in controversy, the parties' resources, and the

22   importance of the proposed discovery in resolving the issues at stake in the litigation in that it

23   requests "all external audits of NaphCare, Inc.'s medical or mental health services conducted in

24   Washington State at any time from 2013 (five years prior to Subject Confinement) to present",

25   which covers a 10 year span, the entire state, mental health services (even though NaphCare does

26   not provide comprehensive mental health services at Pierce County Jail), and is not limited to the

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 22

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

types of care at issue in this case. NaphCare objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including, but not limited to those provided by Federal Rule of Civil Procedure 26. NaphCare further objects to the extent this Request seeks information that is not in NaphCare's possession, custody or control. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous.

**FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and without waiving its objections, NaphCare further supplements its answer to state that Pierce County may have conducted an investigation into Mr. Tapia's care. For further information, NaphCare refers Plaintiff to Pierce County and NCI 000678, NCI 001021–001025, NCI 001144–001145, NCI 001158–001162.

**REQUEST FOR PRODUCTION NO. 21:** Produce any nurse orientation manuals and any manuals relevant to the provision of health care services by any other class of provider such as psychologists, physician assistants, and physicians in effect as of the Subject Confinement with regard to the Pierce County Jail.

**RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving the issues at stake in the litigation in that it requests documents that have no bearing on Plaintiff's claims in this matter and include classes of professionals not employed by NaphCare to provide services at Pierce County Jail. NaphCare also objects that the definition of the "Subject Confinement" is vague and ambiguous. NaphCare further objects to this Request to the extent it calls for documents or materials protected by the attorney-client privilege, work product doctrine, or other available privilege, including, but not limited to those provided by Federal Rule of Civil Procedure 26.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 23

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1      Subject to and without waiving its objections, NaphCare will produce the orientation

2  manual distributed to NaphCare employees at Pierce County Jail in 2018.

3  **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

4  without waiving its objections, NaphCare refers Plaintiff to NCI 000685–000700, NCI 000824–

5  000857.

6

7  **REQUEST FOR PRODUCTION NO. 22:** Produce all documents created at any time in the five

8  (5) years preceding the Subject Confinement to present pertaining to any investigation (formal or

9  informal) that any person was not provided with appropriate medical care (inclusive of mental

10  health) at the Pierce County Jail. This Request does not include informal messages or complaints

11  submitted on "kites."

12  **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking

13  into account the needs of the case, the amount in controversy, the parties' resources, and the

14  importance of the proposed discovery in resolving the issues at stake in the litigation in that it

15  requests "all documents created at any time in the five (5) years preceding the Subject Confinement

16  to present pertaining to any investigation (formal or informal) that any person was not provided

17  with appropriate medical care (inclusive of mental health)", which mental health services (even

18  though NaphCare does not provide comprehensive mental health services at Pierce County Jail)

19  and is not limited to the types of care at issue in this case. NaphCare objects to this Request to the

20  extent it calls for information protected by the attorney-client privilege, work product doctrine, or

21  other available privilege, including, but not limited to those provided by Federal Rule of Civil

22  Procedure 26. NaphCare further objects to the extent this Request seeks information that is not in

23  NaphCare's possession, custody or control. NaphCare further objects that "appropriate medical

24  care" is vague. NaphCare also objects that the definition of the "Subject Confinement" is vague

25  and ambiguous.

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

2    without waiving its objections, after a reasonable and diligent search, NaphCare has not located

3    any documents related to instances of deaths resulting from blood clots or gangrene in Washington

4    state jails where NaphCare provided services from 2013 to 2018.

5

6    **REQUEST FOR PRODUCTION NO. 23:** Produce all documents and materials reflecting any

7    prospective risk-management analysis performed with regard to inmate or detainee injury or death

8    at the Pierce County Jail created at any time in the five (5) years preceding the Subject

9    Confinement until the present.

10   **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking

11   into account the needs of the case, the amount in controversy, the parties' resources, and the

12   importance of the proposed discovery in resolving the issues at stake in the litigation in that it

13   requests "all documents and materials reflecting any prospective risk-management analysis

14   performed with regard to inmate or detainee injury or death at the Pierce County Jail created at

15   any time in the five (5) years preceding the Subject Confinement until the present", which covers

16   a 10 year span and is not limited to the types of care at issue in this case. NaphCare objects to this

17   Request to the extent it calls for information protected by the attorney-client privilege, work

18   product doctrine, or other available privilege, including, but not limited to those provided by

19   Federal Rule of Civil Procedure 26. NaphCare further objects to the extent this Request seeks

20   information that is not in NaphCare's possession, custody or control. NaphCare also objects that

21   "prospective risk management analysis" is vague. NaphCare further objects that the definition of

22   the "Subject Confinement" is vague and ambiguous.

23   **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

24   without waiving its objections, NaphCare responds that there are no non-privileged documents

25   responsive to this Request.

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 25

1    **REQUEST FOR PRODUCTION NO. 24:** Produce all quality improvement program documents

2    for the Pierce County Jail created at any time in the five (5) years preceding the Subject

3    Confinement until the present.

4    **RESPONSE:** NaphCare objects to this Request as overly broad and unduly burdensome, taking

5    into account the needs of the case, the amount in controversy, the parties' resources, and the

6    importance of the proposed discovery in resolving the issues at stake in the litigation in that it

7    requests "all quality improvement program documents for the Pierce County Jail created at any

8    time in the five (5) years preceding the Subject Confinement until the present", which covers a 10

9    year span and is not limited to the types of care at issue in this case. NaphCare objects to this

10   Request to the extent it calls for information protected by the attorney-client privilege, work

11   product doctrine, or other available privilege, including, but not limited to those provided by

12   Federal Rule of Civil Procedure 26. NaphCare also objects to the extent that "all quality

13   improvement program documents" is vague. NaphCare further objects that the definition of the

14   "Subject Confinement" is vague and ambiguous.

15        Subject to and without waiving its objections, will produce the TechCare Monthly Report

16   for 2018.

17   **FIRST SUPPLEMENTAL RESPONSE:** Defendant maintains its objections. Subject to and

18   without waiving its objections, NaphCare refers Plaintiff to NCI 001007.

19

20

21

22

23

24

25

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Dated this 21st day of September, 2023.

s/ _____

David A. Perez, WSBA No. 43959
Juliana Bennington, WSBA No. 60357
Jedidiah K.R. Blake, WSBA No. 59610
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: Dperez@perkinscoie.com
JBennington@perkinscoie.com
JBlake@perkinscoie.com

Jacob Dean (*admitted pro hac vice*)
**Perkins Coie LLP**
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.3365
Facsimile: 310.788.3365
E-mail: JacobDean@perkinscoie.com

*Attorneys for Defendant NaphCare, Inc.*

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 27

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

## **CERTIFICATION OF ATTORNEY**

2      I am the attorney for the defendant in this matter and hereby certify that the foregoing

3  responses to these discovery requests and any objections thereto comply with FRCP 26.

4      DATED this 21st day of September 2023, at Seattle, Washington.

5

6                        David A. Perez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 28

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Pursuant to 28 U.S.C. § 1746, Candice D. Sherman declares as follows:

I have read the foregoing Plaintiff's Interrogatories and Requests for Production to Defendant NaphCare, Inc. and Answers and Responses thereto, know the contents thereof, and believe the same to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


DATED this 20th day of September 2023, at Birmingham, Alabama.



_Candice D. Sherman_
Senior Corporate Counsel - Litigation
For Defendant NaphCare, Inc.

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 29

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

## CERTIFICATE OF SERVICE

2       I certify that on September 21, 2023, I caused the foregoing document to be served on the

3 following attorney(s) of record of record by the method(s) indicated:

| | |
|---|---|
| Ryan Dreveskracht, WSBA No. 42593<br>Corinne Sebren, WSBA No. 58777<br>Galanda Broadman, PLLC<br>8606 35th Avenue NE, Suite L1<br>PO Box 15146<br>Seattle, WA 98115<br>Telephone: 206.557.7509<br>E-mail: ryan@galadabroadman.com<br>E-mail: corinne@galandabroadman.com<br><br>*Attorneys for Plaintiff Javier Tapia* | \_\_ Via U.S. Mail, 1st Class, Postage Prepaid<br>\_\_ Via Hand Delivery<br>\_\_ Via Overnight Delivery<br>\_\_ Via Facsimile<br>\_\_ Via ECF<br>_X_  Via E-mail |
| Kristal M. Cowger, WSBA # 43079<br>Pierce County Prosecuting Attorney<br>930 Tacoma Avenue South, Suite 946<br>Tacoma, WA 98402-2102<br>Telephone: 253.798.4265<br>Email: kristal.cowger@piercecountywa.gov<br><br>*Attorneys for Defendant Pierce County* | \_\_ Via U.S. Mail, 1st Class, Postage Prepaid<br>\_\_ Via Hand Delivery<br>\_\_ Via Overnight Delivery<br>\_\_ Via Facsimile<br>\_\_ Via ECF<br>_X_  Via E-mail |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of September 2023.

s/ ~~[signature]~~
David A. Perez

DEFENDANT NAPHCARE, INC.'S FIRST SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION
(No. 2:22-CV-01141) – 30

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000