1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVIER TAPIA,

                    Plaintiff,

     v.

NAPHCARE INC., et al.,

                 Defendants.

CASE NO. C22-1141-KKE

ORDER DENYING MOTION FOR
CLARIFICATION/RECONSIDERATION

This matter comes before the Court on Defendant NaphCare Inc.'s motion for partial clarification/reconsideration. Dkt. No. 88. NaphCare asks the Court to clarify the scope of its order (Dkt. No. 86 (hereinafter "Order")) granting in part and denying in part Plaintiff Javier Tapia's discovery motions and to reconsider "two narrow aspects" of the Order. Although NaphCare requested oral argument, the Court finds this matter suitable for resolution on the written briefing.[1] For the reasons stated below, NaphCare's motion is denied.

## I.   LEGAL STANDARD

NaphCare seeks both clarification and reconsideration of the Court's order. The Court has discretion to clarify the meaning of its prior orders. *See United States v. Shpirt*, 194 F. App'x 421, 424 (9th Cir. 2006); *cf. Pac. Bioscience Lab'ys, Inc. v. Home Skinovations, Inc.*, 2017 WL

---

[1] This Order refers to the parties' briefing using the CM/ECF page numbers.

ORDER DENYING MOTION FOR CLARIFICATION/RECONSIDERATION - 1

1179392, at *3 (W.D. Wash. Mar. 30, 2017) ("Courts are always free to clarify inexplicit injunctions in order to avoid unwitting contempts." (cleaned up)).

The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). A "manifest error" is one "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Santiago v. Gage*, No. 3:18-cv-5825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) (quoting BLACK'S LAW DICTIONARY 622 (9th ed. 2009)). "A motion for reconsideration should not be used to ask the court to rethink what the court has already thought through—rightly or wrongly." *Ma v. Univ. of S. California*, No. C18-1778-JCC, 2019 WL 1239269, at *1 (W.D. Wash. Mar. 18, 2019) (quoting *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, No. C17-0784-JCC, 2017 WL 6372474, at *1 (W.D. Wash. Dec. 13, 2017)).

## II.   ANALYSIS

### A.      The Court's Order does not compel disclosure of privileged information.

NaphCare seeks clarification of the scope of the Order, claiming the Order as written compels disclosure of Dr. Wade's discussions about Tapia's case with legal counsel. Dkt. No. 88 at 5–6. NaphCare argues "the Court should exercise its discretion to clarify that this ruling does not extend to any communications identified in the privilege log." *Id.* at 7.

NaphCare's request is borne from a strained reading of the Order. The Court clearly did not order the disclosure of privileged communications between Dr. Wade and NaphCare's counsel. To the contrary, the Order specifically directed NaphCare to include any such privileged communications between Dr. Wade and counsel on its privilege log. Order at 11. Nor is clarification needed based on any action taken by Tapia. Tapia declares he "is not interested in,

1
2
3
4

does not intend to elicit, and has never sought the content of the communications between Dr. Wade and NaphCare's lawyers." Dkt. No. 96 at 4.  This is supported by Tapia's posture in prior briefing, as cited by NaphCare (Dkt. No. 88 at 5–6), and statements by Tapia's counsel at Dr. Wade's first deposition (Dkt. No. 61-3 at 6).

5
6
7
8
9
10
11
12

NaphCare also argues that clarification is needed because the Court neglected to address its argument that Dr. Wade's entire review of Tapia's care is protected by the attorney work-product doctrine.  Dkt. No. 88 at 6.  NaphCare devoted only two sentences to this assertion in opposition to Plaintiff's motion, citing two inapposite cases that do not support its claim.  Dkt. No. 68 at 15 (citing *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011) (appraisal file was not protected work product); *Brees v. HMS Glob. Mar. Inc.,* 3:18-cv-05691-RJB, 2019 WL 2918132, at *2 (W.D. Wash. July 8, 2019) (while report of investigator was protected work product, Plaintiff could obtain investigator's observations via deposition)).

13
14
15
16
17
18
19
20
21

This meager treatment notwithstanding, the Court did address NaphCare's argument.  *See* Order at 8–9.  The Court observed that NaphCare did not raise work-product protection during Dr. Wade's deposition (*id.* at 9 n.5), nor in its prior briefing regarding Dr. Wade's review in this Court. *Id.* at 7 ("In fact, in NaphCare's reply in support of its Motion to Dismiss, filed in November 2022, NaphCare cited the e-mail, argued it did not support Tapia's claim, and importantly, asserted no privilege over the e-mail or Dr. Wade's review of Tapia's care.").  Moreover, as detailed in the Order, the Court observed that Dr. Wade had offered his opinion about Tapia's care directly to NaphCare employees (not counsel) and was produced for deposition without objection.  The Court previously ruled that on this record, the basis for Dr. Wade's opinion is discoverable.

22
23

In sum, the Court considered NaphCare's arguments and did not order production of privileged communications.  Additional clarification of the Order is unwarranted.

24

ORDER DENYING MOTION FOR CLARIFICATION/RECONSIDERATION - 3

1

**B.      The Court declines to reconsider its finding that Dr. Wade was not specially retained or employed in anticipation of this litigation.**

2

3

In re-arguing its claim that Dr. Wade is a non-testifying expert, NaphCare fails to cite legal

4

authority or new evidence that "could not have been brought to [the Court's] attention earlier with

5

reasonable diligence." LCR 7(h)(1).  Nor does NaphCare show "manifest error" in the Order.  *Id.*

6

The Court found the protection for facts known or opinions held by non-testifying experts

7

under Federal Rule of Civil Procedure 26(b)(4)(D) does not extend to Dr. Wade because he was

8

not specially employed in anticipation of this litigation.  Order at 10.  NaphCare argues that finding

9

"warrants reconsideration because it is incompatible with the key evidence in the record—Dr.

10

Wade's E-mail and his deposition testimony."  Dkt. No. 88 at 8.  But the Court already reviewed

11

and considered both Dr. Wade's E-mail and his testimony and found neither supported NaphCare's

12

attempt to shield Dr. Wade from examination, specifically noting that "NaphCare submitted no

13

declaration from Dr. Wade in opposition to Tapia's motion."  Order at 10.

14

NaphCare now offers the declarations of Dr. Wade and NaphCare's in-house counsel "to

15

explain how Dr. Wade became involved in this case and how NaphCare generally employs in-

16

house, non-testifying experts in anticipation of specific litigation."  Dkt. No. 88 at 8.[2]  NaphCare

17

does not explain why these declarations could not have been filed in support of its opposition to

18

Plaintiff's motion in the first instance.  Even considering these declarations, NaphCare's argument

19

does not establish manifest error in the Order, and instead "ask[s] the court to rethink what the

20

court ha[s] already thought through[.]"  *Ma*, 2019 WL 1239269, at *1.

21

---

22

[2] The declaration of NaphCare's in-house counsel demonstrates the inherent problem with NaphCare's argument, in that NaphCare claims that virtually all NaphCare employees in a supervisory role ("NaphCare's Chief Medical Officer, Corporate Medical Directors, Regional Medical Directors, and other in-house clinicians who have a specialized knowledge in a particular area") "are employed to serve as in-house, non-testifying medical experts[.]" Dkt. No. 89 ¶ 4.  This expansive view of Rule 26(b)(4)(D) conflicts with the well-established proposition that privileges are to be construed narrowly, and that Rule 26(b)(4)(D) should be applied to a party's employees with particular caution.  *Tellabs Operations, Inc. v. Fujitsu Ltd.*, 283 F.R.D. 374, 376–77, 385 (N.D. Ill. 2012).

23

24

ORDER DENYING MOTION FOR CLARIFICATION/RECONSIDERATION - 4

NaphCare next appeals to broad policy concerns, arguing that "[f]ailing to offer robust protections for the confidential communications between corporate attorneys and expert employees may require the wholesale restructuring of corporations' legal departments and their methods of conducting liability assessments." Dkt. No. 88 at 8–9.  NaphCare does not explain why the legal authority cited in support of this argument in the motion for reconsideration could not have been brought to the Court's attention earlier with reasonable diligence.  Nonetheless, the Court has examined the authority, and finds no case cited in NaphCare's motion demonstrates "manifest error" in the Court's prior ruling.  Rather, as acknowledged in the Order, the Court was aware of the split in persuasive authority and simply found that the cases refusing to apply the non-testifying expert privilege to a party's employees were more applicable to the record in this particular case.  Order at 9.

Finally, NaphCare argues there is no need for another deposition of Dr. Wade, because "all that remains is privileged." Dkt. No. 88 at 10.  The Court ruled "Because Dr. Wade is not [a non-testifying expert under Rule 26(b)(4)(D)], he can be deposed about what information he reviewed with respect to Tapia and why, along with his opinions and conclusions regarding the care provided by NaphCare, to the extent he has personal knowledge of the same." Order at 10.  As detailed above, NaphCare does not demonstrate manifest error in the Court's ruling.  Dr. Wade may not "refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981) (quoting *City of Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1962)).

In sum, NaphCare's motion for reconsideration with respect to the status of Dr. Wade is denied.

**C.      The Court declines to reconsider its ruling on Interrogatories/Request for Production Nos. 18 and 19.**

NaphCare argues the Court should reconsider granting Tapia's motion to compel discovery related to NaphCare's taxes, officers, shareholders, and any other corporate entities beyond NaphCare, Inc.  Dkt. No. 88 at 10.  The Court granted the motion because the discovery sought was relevant to Tapia's claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), noting that NaphCare did not address that issue in its response.  *See* Order at 13–14.  NaphCare argues that there was no reason to address *Monell* in its response because "Tapia did not tie these specific requests to [his *Monell*] theory in his briefing or the parties' conference."  Dkt. No. 88 at 11 (footnote omitted).  The Court disagrees.  As observed in the Order, the Court concluded that Tapia sufficiently articulated the relevance of these discovery requests to his *Monell* claim.  Order at 13–14; *see* Dkt. No. 60 at 7–8.

In moving to reconsider, NaphCare again cites legal authority that was previously cited in the briefing on Plaintiff's motion and already considered by the Court.  As to NaphCare's argument that this discovery is not proportional to the needs of Tapia's case, NaphCare provides no explanation or support for this claim.  Dkt. No. 88 at 11.  NaphCare thus fails to establish manifest error.

### III.   CONCLUSION

For the reasons stated above, the Court DENIES NaphCare's Motion for Reconsideration. The Court will rule separately on NaphCare's alternative motion for certification (Dkt. No. 92).

Dated this 21st day of March, 2024.

Kymberly K. Evanson
United States District Judge