1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAVIER TAPIA, | CASE NO. C22-1141-KKE |
| Plaintiff, | ORDER DENYING MOTION FOR CERTIFICATION |
| v. | |
| NAPHCARE INC., et al., | |
| Defendants. | |

This matter comes before the Court on Defendant NaphCare Inc.'s motion for certification of the Court's order (Dkt. No. 86 (hereinafter "Order")) for interlocutory appeal under 28 U.S.C. § 1292(b), and for a stay of the Order pending appeal.[1]  Dkt. No. 92.  Although NaphCare requested oral argument, the Court has reviewed the briefing and the balance of the docket, and finds this matter suitable for disposition on the parties' briefing.[2]  For the reasons stated below, NaphCare's motion is denied.

## I.   FACTS

On January 17, 2024, the Court issued the Order, granting in part and denying in part two discovery motions filed by Plaintiff Javier Tapia.  In the Order, the Court concluded that

---

[1] The Court previously denied NaphCare's contemporaneously filed motion for reconsideration of the same order. *See* Dkt. No. 98.

[2] This order refers to the parties' briefing using CM/ECF page numbers.

ORDER DENYING MOTION FOR CERTIFICATION - 1

NaphCare's medical director Dr. Elliot Wade "was not 'specially employed in anticipation of litigation' as required to be considered a non-testifying expert under Federal Rule of Civil Procedure 26(b)(4)(D)[.]" Order at 10 (citing *Tellabs Operations, Inc. v. Fujitsu Ltd.*, 283 F.R.D. 374, 387 (N.D. Ill. 2012)). And, "[b]ecause Dr. Wade is not such an expert, he can be deposed about what information he reviewed with respect to Tapia and why, along with his opinions and conclusions regarding the care provided by NaphCare, to the extent he has personal knowledge of the same." *Id.* (citing Fed. R. Civ. P. 30(c)(2)).

NaphCare moves the Court to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b), "so that the court of appeals can address the important legal question concerning the scope of the attorney-client privilege and the non-testifying expert privilege that is at issue here," and to stay the Order pending resolution of the appeal. Dkt. No. 92 at 6. Tapia argues this Order does not meet the criteria granting the Ninth Circuit jurisdiction over an appeal at this stage of the case. Dkt. No. 93 at 3–6.

## II.   LEGAL STANDARD

"28 U.S.C. § 1292(b) grants the federal courts of appeals jurisdiction over interlocutory appeals when a district court order is entered that would not otherwise be appealable under 28 U.S.C. § 1292, and when the district judge finds the order is appropriate for interlocutory appeal." *In re Examination of Privilege Claims*, No. MC15-0015-JCC-JPD, 2016 WL 11713117, at *1 (W.D. Wash. Jan. 25, 2016).

Under § 1292(b), a district court is authorized to certify an order for interlocutory appeal where: (1) there is a "controlling question of law," (2) there are "substantial grounds for difference of opinion as to that question," and (3) an immediate resolution of that question "may materially advance the ultimate termination of the litigation." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (cleaned up). "Certification under

§ 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

"[Section 1292(b)] aims to expedite litigation—a goal that will not be achieved if a party unhappy with an order seeks appellate review at each step of the litigation." *In re Examination of Privilege Claims*, 2016 WL 11713117, at *3. Interlocutory appeals are to be certified "only in exceptional situations" where certification will help "avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also Trident Seafoods v. Commonwealth Ins. Co.*, No. C10-214, 2012 WL 13028551, at *2 (W.D. Wash. Mar. 23, 2012).

## III.   ANALYSIS

### A.   The Order does not concern a controlling question of law.

A question need not be dispositive to be a "controlling question of law," *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959),[3] but must be one that will "materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

NaphCare argues the Order "involves a new privilege ruling of special consequence, and so[] warrants certification for interlocutory review." Dkt. No. 92 at 9. NaphCare argues "[r]equiring Dr. Wade—and other in-house experts like him—to disclose a confidential assessment of the case under these circumstances is likely to have a material effect on this and other litigation by diminishing the protections of the attorney-client privilege more generally." *Id.* at 9–10. To support this assertion, NaphCare cites *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009), but *Mohawk* does not support granting certification here.

---

[3] In *Woodbury*, the issue asserted to be a controlling question of law was whether the government was entitled to withhold certain documents under a claim of privilege. 263 F.2d at 787. The court differentiated the government's claim of privilege from controlling questions of law, stating "the question of privilege which the government now would have us review involves nothing as fundamental as the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied." *Id.* Because "the claim of privilege here asserted is collateral to the basic issues of this case, [it] cannot be regarded as presenting a 'controlling question of law' as those words are used in the statute." *Id.* at 788.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

In *Mohawk*, the question before the Court was "whether disclosure orders adverse to the attorney-client privilege qualify for immediate appeal under the collateral order doctrine."  558 U.S. at 103.  The Court held they do not.  *Id.*  In discussing the alternative routes available to parties "confronted with a particularly injurious or novel privilege ruling[,]" the Court observed in *dicta* that "a party may ask the district court to certify, and the court of appeals to accept, an interlocutory appeal pursuant to 28 U.S.C. § 1292(b)."  *Id.* at 110.  The Court did not provide an alternate route for meeting the statutory preconditions for § 1292(b) review, but rather observed that two of the conditions—that the order concerns a "controlling question of law" and that resolution "may materially advance the ultimate termination of the litigation"—are "*most likely* to be satisfied when a privilege ruling involves a new legal question or is of special consequence[.]" *Id.* at 110–11 (emphasis added).

Even in light of *Mohawk*, NaphCare must still show that the Order concerns a controlling question of law, a burden it has not met.  Neither in its motion nor in its reply does NaphCare articulate how the Order materially affects the outcome of the present litigation.  *See In re Cement Antitrust Litig.*, 673 F.2d at 1026.  The issue in this case is whether NaphCare provided constitutionally inadequate medical care to Tapia, not whether NaphCare's medical director can be retroactively cast as a non-testifying expert halfway through his deposition.  The closest NaphCare comes to identifying an issue of law is asserting that the Order "is likely to have a material effect on this … litigation by diminishing the protections of the attorney-client privilege[.]"  Dkt. No. 92 at 9–10.  NaphCare does not, however, explain *how* this alleged diminishment is material to the outcome of this litigation.  Accordingly, the Court finds NaphCare has not met its burden, and its motion therefore fails.  *Couch*, 611 F.3d at 633 (parties seeking interlocutory appeal under § 1292(b) must satisfy all three requirements).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**B.      There is no substantial ground for differences of opinion.**

Even if the matter involved a controlling question of law, which it does not, NaphCare must also show the controlling question of law involves an issue for which substantial ground for difference of opinion exists. *In re Examination of Privilege Claims*, 2016 WL 11713117, at *3. Again, NaphCare fails.

NaphCare argues "the Court's order effectively narrowed the scope of the [non-testifying expert] privilege to exclude in-house experts from its ambit." Dkt. No. 92 at 10.  NaphCare asserts that "courts disagree about whether in-house experts can ever benefit" from "the non-testifying expert privilege of Rule 26(b)(4)(D)." *Id*. at 10.  In support of this claim, NaphCare cites mixed authority on the issue. *See id*. (comparing *Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 68 F.R.D. 397, 408 (E.D. Va. 1975) (finding in-house expert did not come under Rule 26(b)(4)(D)), with *In re Shell Oil Refinery*, 132 F.R.D. 437, 441 (E.D. La. 1990), clarified by, 134 F.R.D. 148, 150 (E.D. La. 1990) (finding in-house experts did come under Rule26(b)(4)(D))).

Tapia responds that none of the cases cited by NaphCare contradict the Order: "To the contrary, there is agreement amongst the federal judiciary that '[w]hether an in-house expert is retained or specially employed must be decided case-by-case'—which is exactly what the Court did here." Dkt. No. 93 at 5 (quoting *In re Shell Oil Refinery*, 132 F.R.D. at 442).

To determine whether a "substantial ground for difference of opinion" exists under § 1292(b), "courts must examine to what extent controlling law is unclear." *In re Examination of Privilege Claims*, 2016 WL 11713117, at *3 (citing *Couch*, 611 F.3d at 633).  "A substantial ground for difference of opinion is often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits." *APCC Servs., Inc. v. AT & T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003).  "[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is a substantial difference of opinion as will support

1    an interlocutory appeal." *Couch*, 611 F.3d at 633 (quoting 3 FEDERAL PROCEDURE, LAWYERS

2    EDITION § 3:212 (2010)).

3           Here, NaphCare's motion fundamentally misconstrues the Order.  The Court did not

4    broadly pronounce that in-house experts are categorically excluded from the protection of Rule

5    26(b)(4)(D) in all cases.  Rather, the Court acknowledged inconsistent precedent on the topic

6    across federal courts, and examined the evidence before it to determine if Dr. Wade was "specially

7    employed" for this litigation.  Order at 9.  Based on the record in this case, including but not limited

8    to the facts that Dr. Wade routinely reviews medical care provided to inmates as a component of

9    his regular employment, that he provided his opinion directly to NaphCare employees and not

10   counsel, and that he was produced for deposition without objection, the Court concluded that in

11   this instance, NaphCare had not shown that Dr. Wade was "specially employed" as required by

12   the Rule.  The cases cited by NaphCare do not demonstrate a substantial ground for difference of

13   opinion exists, rather, NaphCare merely disagrees with the Court's application of the mixed, fact-

14   specific precedent to this particular case.  Accordingly, NaphCare has not met the second

15   requirement for appeal under § 1292(b).

16   **C.    Immediate appeal will not advance the ultimate determination of this matter.**

17          The Court need not examine the third prong in great detail because the first two prongs are

18   not met.  *See* 28 U.S.C. § 1292(b).  However, the third prong also supports denial of NaphCare's

19   motion.  This matter has been pending since March 2021 (Dkt. No. 61-16), and "[c]ertification of

20   interlocutory appeal will only add further delay in this litigation."  *In re Examination of Privilege*

21   *Claims*, 2016 WL 11713117, at *4.

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### IV.   CONLUSION

For the reasons stated above, the Court DENIES NaphCare's motion (Dkt. No. 92).

Dated this 21st day of March, 2024.

Kymberly K. Evanson
United States District Judge