UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAVIER TAPIA,<br><br>                Plaintiff(s),<br>    v.<br><br>NAPHCARE INC., et al.,<br><br>                Defendant(s). | CASE NO. C22-1141-KKE<br><br>ORDER ON JAVIER TAPIA'S MOTIONS FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES |

      Plaintiff Javier Tapia sues both Pierce County, and NaphCare, Inc. ("NaphCare"), a private company contracted to provide medical care to Pierce County Jail inmates. While incarcerated as a pretrial detainee at Pierce County Jail, Tapia developed Phlegmasia Cerulea Dolens ("PCD") and subsequently had his leg amputated below the knee. Tapia alleges that Pierce County is liable for negligence, gross negligence, and medical negligence. He also claims that both Pierce County and NaphCare violated his constitutional rights by failing to provide adequate medical care under 42 U.S.C. § 1983.

      Tapia moved for summary judgment on NaphCare, Inc.'s ("NaphCare") and Pierce County's (the "County") affirmative defenses. Dkt. Nos. 153, 155. For the reasons below, the Court grants in part and denies in part both motions. *Id.*

ORDER ON JAVIER TAPIA'S MOTIONS FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES - 1

## I. BACKGROUND

The Court provided a detailed factual background in its order on NaphCare's motion for summary judgment, which is incorporated by reference here. Dkt. No. 186.

Tapia filed this action in King County Superior Court on March 31, 2021. Dkt. No. 1-2. NaphCare removed it to this Court on August 15, 2022. Dkt. No. 1. Tapia filed the operative Second Amended Complaint on October 7, 2022. Dkt. No. 18-1.

The Court granted in part and denied in part Defendants' motions to dismiss on May 23, 2023. Dkt. No. 31.

On June 6, 2023, Pierce County filed an Answer to the operative complaint, asserting five affirmative defenses: (1) "comparative fault"; (2) "failure to state a claim"; (3) "mitigation of damages"; (4) "setoff"; and (5) "discretionary immunity." Dkt. No. 37 at 13–14.

On July 10, 2023, NaphCare filed an Answer, asserting 10 affirmative defenses: (1) "fail[ure] to state a claim"; (2) "contributory negligence/fault"; (3) "fault of other parties"; (4) "fail[ure] to mitigate the alleged damages"; (5) "NaphCare's actions met the applicable standard of care"; (6) "[t]here is no causal relationship between NaphCare and the alleged harms"; (7) "foreseeability"; (8) statute of limitations"; (9) "res judicata/ collateral estoppel"; and (10) "exhaust[ion of] administrative remedies." Dkt. No. 53 at 16–17.

On September 12, 2024, Tapia moved for summary judgment on both Defendants' affirmative defenses. Dkt. Nos. 153, 155. The parties fully briefed this motion, and the matter is ripe for the Court's consideration.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir.

2017) (cleaned up).  A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The burden then shifts to the party opposing summary judgment, who must affirmatively establish a genuine issue on the merits of the case.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

The Court does not resolve evidentiary conflicts or make credibility determinations in ruling on a motion for summary judgment.  *Gonzalez v. City of Anaheim*, 747 F.3d 789, 795 (9th Cir. 2014) (citing *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013)).  Rather, such determinations are left to the province of the jury at trial.  *See id.* at 795–97.

### III.   ANALYSIS

**A.    The Court Reviews Tapia's Motion Under Federal Rule of Civil Procedure 56.**

Defendants ask the Court to construe Tapia's motion as a motion to strike under Federal Rule of Civil Procedure 12(f).  Dkt. No. 157 at 11; Dkt. No. 159 at 1–2.  As Pierce County argues, motions to strike under Rule 12(f) are due 21 days after a party is served with the pleading at issue. Dkt. No. 159 at 2.  Tapia's motions were filed the more than three months after Defendants' pleadings.  *Id.*  Therefore, Pierce County claims that Tapia's motion is untimely.  *Id.*

However, the plain language of Federal Rule 56 specifically envisions motions for summary judgment on affirmative defenses.  Fed. R. Civ. P. 56(a).  The Rule states, "[a] party may move for summary judgment, identifying each claim or *defense*—or the part of each claim or *defense*—on which summary judgment is sought."  *Id.* (emphasis added).  Other courts in this district have treated motions that attack the substance (rather than form) of a defendant's affirmative defenses as motions for summary judgment.  *See Spurlock v. State Farm Fire & Cas.*

ORDER ON JAVIER TAPIA'S MOTIONS FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES - 3

*Co.*, No. 2:23-CV-00467-JHC, 2024 WL 5008872, at *11 n.4 (W.D. Wash. Dec. 6, 2024), *reconsideration denied*, No. 2:23-CV-00467-JHC, 2024 WL 5137168 (W.D. Wash. Dec. 17, 2024) (construing a motion as a summary judgment motion on affirmative defenses because a motion to strike would be untimely); *Barton v. Delfgauw*, No. 3:21-CV-05610-JRC, 2022 WL 18108401, at *1 (W.D. Wash. Oct. 26, 2022) (finding that a plaintiff's arguments brought in an untimely motion to strike are better suited for a motion for summary judgment); *Trautt v. Keystone RV Co.*, No. 2:19-CV-00342-RAJ, 2020 WL 4539200, at *2 (W.D. Wash. Aug. 5, 2020) (holding that a motion for partial summary judgment on affirmative defenses is a proper motion). *But see Kerzman v. NCH Corp.*, No. C05-1820JLR, 2007 WL 765202, at *7 (W.D. Wash. Mar. 9, 2007) ("[T]o claim insufficiency of defense should not be considered a request for judgment but more aptly a request to strike it from the pleading.").

Therefore, the Court will apply Rule 56 to Tapia's requests for relief.

**B.    NaphCare's Affirmative Defenses**

1. <u>Defenses conceded by NaphCare (Nos. 5, 6, 7, 9, and 10)</u>

In its response to Tapia's motion, NaphCare agreed not to pursue its fifth, sixth, seventh, ninth, and tenth affirmative defenses. Dkt. No. 157 at 10, 14, 24. As such, the Court denies Tapia's motion as moot with regard to these defenses.

2. <u>Negative defenses (Nos. 1 and 4)</u>

Tapia argues that he is entitled to summary judgment on NaphCare's first and fourth affirmative defenses because these constitute "negative defenses," not affirmative defenses. Dkt. No. 153 at 3. "A negative defense is one that rebuts a plaintiff's *prima facie* case or demonstrates that a plaintiff has not met its burden of proof." *Alvarez v. YRC Inc.*, No. CV 12-01374 TJH (EX), 2020 WL 7485359, at *2 (C.D. Cal. Nov. 17, 2020) (citing *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)).

NaphCare's first affirmative defense is based on Tapia's purported failure to state a claim. Dkt. No. 53 at 16. As a matter of law, "failure to state a claim" is not an appropriate affirmative defense because it attempts to point out defects in Tapia's *prima facie* case. *See Zivkovic*, 302 F.3d at 1088; *Rapp v. NaphCare*, Inc., No. 3:21-CV-05800-DGE, 2023 WL 3892128, at *2 (W.D. Wash. June 8, 2023), *reconsideration denied*, No. 3:21-CV-05800-DGE, 2023 WL 4443936 (W.D. Wash. June 23, 2023); *Trautt*, 2020 WL 4539200, at *2. As such, the Court grants summary judgment with respect to NaphCare's first affirmative defense.

NaphCare's fourth affirmative defense is "failure to mitigate damages." Dkt. No. 53 at 16. In its response to Tapia's summary judgment motion, NaphCare argues that Tapia improperly construes NaphCare's failure to mitigate defense as a negative defense. Dkt. No. 157 at 15–16. NaphCare is correct that "failure to mitigate damages" is widely accepted as an affirmative defense. And despite Tapia's contentions, this defense has also been applied in the § 1983 context. *Cooper v. Whatcom Cnty.*, 650 F. Supp. 3d 1144, 1158–59 (W.D. Wash. 2023); *Metro Lights, LLC v. City of L.A.*, No. CV 04-1037 GAF (Ex), 2007 U.S. Dist. LEXIS 27618, at *4 (C.D. Cal. Jan. 22, 2007); *Santiago v. Gage*, No. 3:18-cv-05825-RBL-JRC, 2019 U.S. Dist. LEXIS 88059, at *5–6 (W.D. Wash. May 24, 2019).

Tapia next argues that Washington state law "operate[s] as a complete bar to the defense of failure to mitigate damages." Dkt. No. 163 at 5 (citing *Gregoire v. City of Oak Harbor*, 244 P.3d 924 (Wash. 2010) and *Anderson v. Grant Cnty.*, 539 P.3d 40 (Wash. Ct. App. 2023)). According to Tapia, *Gregoire* and *Anderson* control here because "[i]n the absence of convincing evidence that the highest court of the state would decide differently, a federal court is obligated to follow the decisions of the state's intermediate courts." *Id.*

Tapia misstates the law. *Gregoire* and *Anderson* are unpersuasive for two reasons. First, a federal court is bound by state court decisions when interpreting state law, which is not the case

here. *See In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990). The only remaining claim against NaphCare arises from federal law, and as such, the Court owes no deference towards Washington state court decisions on § 1983 claims. Second, *Gregoire* and *Anderson* are inapposite. In *Gregoire*, a negligence suit that arose from an inmate's suicide, the Washington Supreme Court held that state prisons owe inmates an affirmative duty to ensure their health, welfare, and safety—a duty that cannot be nullified by an inmate assuming the risk of death by suicide. *Gregoire*, 244 P.3d at 927–30 ("Once a jailer forms a special relationship with an inmate, contributory negligence cannot excuse the jailer's duty to protect the inmate, even from self-inflicted harm."). Likewise, in *Anderson*, in which an inmate's estate sued a county for negligence after the inmate's overdose, a Washington appeals court applied *Gregoire* and held that the county could not avoid its special duty of care owed to an inmate under the state's comparative fault statute. *Anderson*, 539 P.3d at 47–48 (finding that "public policy precludes the County from shedding its duty to Mr. Batton by asserting RCW 5.40.060 as a defense"). In other words, while the jailer's affirmative duty arises in the context of state negligence causes of action, it does not work to bar a failure to mitigate defense in a federal civil rights suit. *See Santiago*, 2019 U.S. Dist. LEXIS 88059, at *6 (denying motion to strike a failure to mitigate defense in § 1983 prisoner civil rights case); *Smith v. Rowe*, 761 F.2d 360, 366–67 (7th Cir. 1985) (finding that in the context of § 1983 claims, inmates have a duty to reasonably mitigate their own harm); *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994) ("In a § 1983 case the plaintiff has a duty to mitigate damages."). Therefore, *Gregoire* and its progeny do not entitle Tapia to judgment as a matter of law on this affirmative defense.

Moreover, because Tapia put forth no evidence negating an essential element of NaphCare's mitigation defense, NaphCare, as the non-moving party, has no obligation to produce

ORDER ON JAVIER TAPIA'S MOTIONS FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES - 6

anything, and the Court must deny summary judgment. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Accordingly, the Court denies Tapia's motion for summary judgment as to NaphCare's failure to mitigate defense.

3. Contributory negligence (No. 2)

All negligence claims against NaphCare have been dismissed, and this defense no longer applies. Dkt. No. 31. NaphCare concedes this defense became moot when the negligence claims were dismissed. Dkt. 157 at 21. Tapia's motion is therefore likewise denied as moot.

4. Statute of limitations (No. 8)

NaphCare opposes summary judgment on its eighth affirmative defense of statute of limitations, arguing that Tapia's § 1983 claim does not relate back to Tapia's original claim against NaphCare for inadequate medical care under state law. Dkt. No. 157 at 23.

NaphCare's argument is meritless.[1] "An otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). An amended claim relates back to the original pleading's date if the amendment "arose out of the conduct, transaction, or occurrence set out…in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Tapia's original complaint named NaphCare as a party and refers to NaphCare nurses. Dkt. No. 2-1 at 2, 4–5. Tapia's § 1983 inadequate medical care claim arises from the same alleged conduct as his Washington state medical negligence and simple negligence claims. *Id.* at 3–5. This meets Rule 15's liberal standard. *See ASARCO*, 765 F.3d at 1004.

---

[1] NaphCare claims that its caution "in preserving defenses does not warrant sanctions." Dkt. No. 157 at 24–25. A motion for sanctions on this matter is not before the Court. However, it troubles the Court that while NaphCare ultimately concedes that more than half of its affirmative defenses do not apply to this case, it nonetheless managed to file a 26-page opposition to Tapia's seven-page motion. While within the permissible word limits, NaphCare's outsized opposition suggests argument for argument's sake.

ORDER ON JAVIER TAPIA'S MOTIONS FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES - 7

The Court grants summary judgment on NaphCare's statute of limitations defense.

**C.    Pierce County's Affirmative Defenses**

1. Comparative fault (No. 1)

Pierce County alleges a comparative fault defense, arguing that such defense is proper because "it was not foreseeable that Plaintiff would develop an extremely rare vascular condition resulting in an amputation."  Dkt. No. 159 at 5.  Tapia asserts that Pierce County cannot assert this defense because it owes a special, affirmative duty of care to inmates.  Dkt. No. 155 at 3.

The Court agrees with Tapia.  In contrast to NaphCare, there are several pending negligence claims against Pierce County, and the Court therefore looks to Washington law for guidance.  As discussed above, Washington state courts have found a special relationship between jailers and inmates, from which arises a nondelegable duty to provide medical care to a prisoner in custody.  *Gregoire*, 244 P.3d at 927.  Considering this special relationship, Pierce County cannot shed this affirmative duty to Tapia by asserting comparative fault as a defense.  *Anderson*, 539 P.3d at 47–48; *Meagher*, 2020 WL 3872744, at *14; *Rapp*, 2023 WL 4443936, at *1 (discussing *Cooper*, 650 F. Supp.3d 1144, and *Meagher*).

As a result, Tapia is entitled to judgment as a matter of law, and the Court grants summary judgment on this defense.

2. Failure to state a claim (No. 2)

For the same reasons explained above with regard to NaphCare, the Court grants summary judgment on Pierce County's failure to state a claim defense.  *See* Section III(B)(2).

3. Failure to mitigate (No. 3)

Pierce County argues that it "should be able to explore Plaintiff's lack of past medical treatment…as prior treatment could have mitigated Tapia's current damages."  Dkt. No. 159 at 6.  Pierce County also contends that "had Plaintiff expressed to jail staff that he was experiencing pain

in his foot, or requested to be seen by medical, he would have been able to mitigate his damages." *Id.*

As discussed above, the Washington Supreme Court's reasoning in *Gregoire* relating to comparative fault appears to bar an affirmative defense based on failure to mitigate. Courts in this district have concluded that "requiring an inmate to mitigate their damages despite the affirmative duty owed to them by the jailer would absolve a prison of its duty to protect that inmate[.]" *Rapp*, 2023 WL 3892128, at *3 (citing *Hendrickson v. Moses Lake Sch. Dist.*, 428 P.3d 1197 (2018)) (cleaned up). As such, the Court grants summary judgment on Pierce County's failure to mitigate defense as it relates to Tapia's negligence claims against Pierce County. By contrast, Tapia's motion is denied with respect to his § 1983 claims. *See Santiago*, 2019 U.S. Dist. LEXIS 88059 at *5–6.

   4. Setoff (No. 4)

Pierce County argues that the Court should not grant summary judgment on its setoff affirmative defense simply because it is a negative defense. Dkt. No. 159 at 6. Pierce County explains that because Tapia sues both Pierce County and NaphCare, Pierce County has a right to setoff Tapia's claimed damages based on amounts paid by another party to the litigation. *Id.*

Tapia agrees that NaphCare may bear some of the damages and withdrew his motion on this defense. Dkt. No. 162 at 4. Accordingly, the Court denies Tapia's summary judgment motion on Pierce County's setoff defense as moot.

   5. Discretionary immunity (No. 5)

"Discretionary immunity is an extremely limited exception, and applies only to basic policy decisions made by a high-level executive, and not to ministerial or operational acts." *Christie v. Wash. Dep't of Corr.*, No. 3:22-cv-05692-TMC, 2024 WL 3935486, at *2 (W.D. Wash. Aug. 26, 2024) (cleaned up).

Pierce County asserts the affirmative defense of discretionary immunity "based on the high-level decision to contract with NaphCare[.]" Dkt. No. 159 at 7. Tapia partially agrees that Pierce County's decision to contract with NaphCare "potentially involves 'a basic governmental policy, program, or objective'" such that discretionary immunity may apply. Dkt. No. 162 at 4. Therefore, the Court concludes that potential discretionary immunity over Pierce County's decision to contract with NaphCare is not at issue.

However, Tapia also asserts that Pierce County's decision to continue to allow NaphCare to provide services at the jail is "ministerial," and thus is not protected by discretionary immunity. Dkt. No. 162 at 4 n.1. The Court agrees that to the extent Tapia alleges that Pierce County negligently supervised NaphCare, such supervision constitutes a "ministerial" act not subject to discretionary immunity. *Preston v. Boyer*, No. C16-1106-JCC-MAT, 2019 WL 8060201, at *5 (W.D. Wash. Nov. 27, 2019), *report and recommendation adopted*, No. C16-1106-JCC, 2020 WL 416269 (W.D. Wash. Jan. 24, 2020). That said, neither party has put forth facts addressing whether continued contracting with NaphCare is a decision made by the Pierce County Sheriff and Pierce County Executive, or by some other party or entity. As such, because Tapia has failed to satisfy his burden of proof at summary judgment, the Court denies Tapia's motion on Pierce County's discretionary immunity defense.

### IV.  CONCLUSION

For the above reasons, Tapia's summary judgment motion against NaphCare's affirmative defenses is decided as follows. Tapia's motion (Dkt. No. 153) as to:

- Affirmative Defense No. 1 is GRANTED;
- Affirmative Defense No. 2 is DENIED as moot;
- Affirmative Defense No. 4 is DENIED;
- Affirmative Defense No. 5 is DENIED as moot;

- Affirmative Defense No. 6 is DENIED as moot;

- Affirmative Defense No. 7 is DENIED as moot;

- Affirmative Defense No. 8 is GRANTED;

- Affirmative Defense No. 9 is DENIED as moot; and

- Affirmative Defense No. 10 is DENIED as moot.

Tapia's motion for summary judgment against Pierce County's affirmative defenses is decided as follows.  Tapia's motion (Dkt. No. 155) as to:

- Affirmative Defense No. 1 is GRANTED;

- Affirmative Defense No. 2 is GRANTED;

- Affirmative Defense No. 3 is GRANTED with regard to the negligence claims and DENIED with regard to the § 1983 claim;

- Affirmative Defense No. 4 is DENIED as moot; and

- Affirmative Defense No. 5 is DENIED.

Dated this 24th day of January, 2025.

Kymberly K. Evanson
United States District Judge