1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAVIER TAPIA,<br><br>                      Plaintiff(s),<br><br>     v.<br><br>NAPHCARE INC., et al.,<br><br>                  Defendant(s). | CASE NO. C22-1141-KKE<br><br>ORDER DENYING NAPHCARE'S<br>MOTION TO AMEND |

On February 24, 2025, Defendant NaphCare, Inc. ("NaphCare") requested leave to amend its Answer to Plaintiff Javier Tapia's Second Amended Complaint ("SAC"). Dkt. No. 195. Considering Defendant Pierce County's recent $1 million settlement with Tapia, NaphCare seeks to add "offset" as an affirmative defense to prevent Tapia from recovering twice for the same injury. *Id.* at 3. Tapia opposes, arguing that NaphCare cannot show good cause under Rule 16 and that NaphCare's request on the eve of trial constitutes "undue delay" and prejudices Tapia. Dkt. No. 207.

Having considered the parties' briefing and argument during the pre-trial conference, the Court DENIES NaphCare's motion because NaphCare fails to meet the standard for amendment under Rule 16.

## I.   PROCEDURAL HISTORY

In 2021, Tapia sued Pierce County and NaphCare in King County Superior Court for negligence.  Dkt. No. 1-2.  In July 2022, Tapia amended his complaint to add claims under 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment right to adequate medical care from NaphCare and Pierce County.  *Id.*  NaphCare removed the case to federal court on August 15, 2022.  Dkt. No. 1.  Tapia filed the SAC on October 20, 2022.  Dkt. No. 15.  In May 2023, the Court granted in part and denied in part Defendants' motions to dismiss.  Dkt. No. 31.

On June 6, 2023, Pierce County filed its Answer to the SAC.  Dkt. No. 37.  In it, Pierce County claimed "setoff" as an affirmative defense, asserting that Pierce County "is entitled to an offset from any awards to Plaintiff herein and/or recovery of back monies paid to Plaintiff."  *Id.* at 14.

On July 3, 2023, the Court issued a scheduling order, specifically directing parties to amend their pleadings by October 2, 2023.  Dkt. No. 50.  On July 10, 2023, NaphCare filed its Answer to the SAC.  Dkt. No. 53.

Discovery closed on May 15, 2024.  Dkt. No. 63.  Dispositive motions were due by November 25, 2024.  Dkt. No. 152.  By January 27, 2025, the Court had decided all dispositive motions.  *See* Dkt. No. 186 (denying NaphCare's motion for summary judgment), Dkt. No. 189 (deciding Tapia's partial motion for summary judgment on Defendants' affirmative defenses), Dkt. No. 190 (granting in part and denying in part Pierce County's motion for summary judgment).  On February 7, 2025, the Court decided the parties' motions to exclude.  Dkt. No. 193.  Tapia communicated to the Court its intent to settle all claims with Pierce County on February 13, 2025.

On February 24, 2025, NaphCare moved to amend its Answer to the SAC.  Dkt. No. 195. The Court ordered a truncated briefing schedule on NaphCare's motion to amend in light of the impending March 24, 2025 trial date.  Dkt. No. 198.

1

## II.  LEGAL STANDARD

"After a scheduling order has been issued setting a deadline to amend the pleadings, and a party moves to amend the pleadings after the deadline, the motion amounts to one to amend the scheduling order and thus is properly brought under Rule 16(b)."  *U.S. Bank Nat'l Ass'n v. Wayman*, No. 13-CV-02203-BAS(BLM), 2015 WL 5772730, at *5 (S.D. Cal. Sept. 30, 2015) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 605, 607–08 (9th Cir. 1992)); *Albert v. Lab'y Corp. of Am.*, No. C19-510-RAJ-MLP, 2019 WL 4888985, at *2 (W.D. Wash. Oct. 3, 2019). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609; *see also DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) (describing diligence as "the central inquiry" under Rule 16(b)(4)).

In considering whether the movant has shown good cause, the Court considers whether (1) they were "diligent" in assisting the Court in creating a workable Rule 16 order; (2) their noncompliance with a Rule 16 deadline occurred "notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference"; and (3) they were diligent in seeking amendment once it became apparent that they could not comply with the Court's order.  *Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, No. 13-CV-2856 JLS (RBB), 2016 WL 3878232, at *5 (S.D. Cal. July 18, 2016).  Under the Rule 16 inquiry, the Court's focus is on the movant's reasons for seeking modification.  *Johnson*, 975 F.2d at 609.  "If the [movant] was not diligent, the inquiry should end."  *Id.*

If the movant meets Rule 16's "good cause" standard, then they must show that the amendment is proper, and that leave is appropriate under Rule 15.  *See Nat'l Prods. Inc. v. Akron*

1   *Res., Inc.*, No. C15-1553, 2016 WL 9224046, at *4 (W.D. Wash. Nov. 8, 2016).  The Court applies

2   the Rule 15 standard with "extreme liberality."  *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma*

3   *Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

### III.  ANALYSIS

5   Because the Court set a deadline for amending the pleadings, NaphCare must first

6   overcome Rule 16(b)'s good cause requirement.

7   Here, NaphCare fails to show good cause for seeking amendment of its answer over 16

8   months after the Court's deadline and on the eve of trial.  NaphCare claims that there is "good

9   cause" under Rule 16(b) because "[a]ny amount recovered by Tapia from the jury should be offset

10  by the amount that he already recovered through his settlement with the County." Dkt. No. 195 at

11  6.  But this argument mischaracterizes the Court's inquiry.  The focus is on whether NaphCare

12  was "diligent" in seeking amendment.  It was not.

13  NaphCare argues that Pierce County's recent settlement with Tapia precipitated and

14  justifies its current motion. Dkt. No. 195 at 7 ("NaphCare's right to offset arose when Tapia settled

15  with Pierce County."). However, Pierce County's settlement with Tapia was not "a matter[] which

16  could not have been reasonably foreseen or anticipated[.]" *Freeman*, 2016 WL 3878232, at *5.

17  Pierce County has always been NaphCare's named co-defendant in this action and potentially

18  subject to a judgment or settlement.  To that end, in NaphCare's answer, it asserted "Fault of Third

19  Parties" as an affirmative defense with respect to Pierce County.  Dkt. No. 53 at 16.  NaphCare

20  specifically alleged that Pierce County should be required to pay the portion of any judgment

21  against NaphCare caused by the County's acts or omissions.  *Id.*  As such, NaphCare's claim that

22  it could not have considered the liability of Pierce County until its agreement with Tapia was

23  finalized is not credible or consistent with the record.  Rather, the fact that there was another party

24  facing claims in this case—some premised on the same *Monell* theories of liability—who could

potentially compensate Tapia is all that was needed for NaphCare to consider an offset defense. Dkt. No. 207 at 7 (citing *McCubbin v. Weber Cnty.*, No. 15-0132, 2018 WL 6602210, at *6 (D. Utah Dec. 17, 2018)).

Indeed, the offset defense was asserted by Pierce County in its answer to the SAC in June of 2023, before NaphCare filed its answer to the SAC. Dkt. No. 37 at 14. This should have put the offset issue on NaphCare's radar at that time. Then, in September of 2024, Tapia moved for summary judgment on Pierce County's affirmative defenses, including offset, but withdrew his motion when Pierce County clarified that it intended only to assert offset *against NaphCare*. Dkt. No. 162 at 4. This was yet another point at which the issue of offset should have been obvious to NaphCare, and even though the deadline for amending the pleadings had passed by this point, NaphCare would have had a stronger case for diligence had it sought leave to amend at that time.

But NaphCare waited to raise this issue until one month before trial, arguing that "multiple courts have allowed amendment to prevent recovery after a settlement." Dkt. No. 195 at 6. NaphCare cites no cases allowing amendment at this late stage of the case. *See Hiblar v. Stacy & Witbeck, Inc.*, No. 3:17-CV-00509-JR, 2018 WL 11484278, at *2 (D. Or. Oct. 11, 2018) (allowing amendment where "[n]o depositions have been taken or dispositive motions filed, and a trial date has not been set"); *Asko Processing, Inc. v. Kibble & Prentice Holding Co.*, No. C17-1393 RSM, 2018 WL 834744, at *1–2 (W.D. Wash. Feb. 12, 2018) (defendant timely moved for leave before the deadline to amend pleadings); *Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-832MJP, 2008 WL 4144421, at *3 (W.D. Wash. Aug. 29, 2008) (defendant arguing for offset three months before trial[1] in the context of a motion for summary judgment, not under Rule 16). As one court in this

---

[1] *See Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-832MJP, Dkt. No. 14 (W.D. Wash. Sept. 13, 2007) (scheduling order setting trial for September 29, 2008); Dkt. No. 140 (motion for summary judgment including offset defense filed on July 1, 2008). *Aecon* is further distinguishable because the Plaintiff did not argue it would be prejudiced by the late amendment, and the Court found it would not be. *Aecon*, 2008 WL 4144421 at *4.

district observed in similar circumstances, "[R]easonable diligence on behalf of Defendants' counsel would easily have anticipated any defense of offset much earlier.  Their inability to do so hardly constitutes good cause for allowing them to alter the pretrial schedule at this late stage in the process." *Hickman v. S. Whidbey Sch. Dist. # 206*, No. C05-1313C, 2006 WL 8454828, at *3 (W.D. Wash. Sept. 25, 2006) (denying defendant's motion to amend its answer to add offset two months before trial); *see also McCubbin*, 2018 WL 6602210, at *6 (denying motion to amend to add offset after settlement of co-defendant) ("The court rejects any argument that the Weber County Defendants could not have learned of this potential defense only after Ogden City's settlement.").  In sum, NaphCare fails to show that it was diligent in seeking to raise an affirmative defense that it reasonably should have considered in the earlier stages of this litigation.

Prejudice to Tapia also warrants denying NaphCare's motion under Rule 16.  *See Johnson*, 975 F.2d at 609.  Specifically, Plaintiff asserts that the late addition of offset is prejudicial, where the state of the law on applying the defense to a Section 1983 case is complex and unclear, where Plaintiff has already expended significant time and resources structuring his trial preparation, and where the settlement with Pierce County has already been finalized.  Dkt. No. 207 at 13.  Plaintiff argued at the pretrial conference that had NaphCare asserted the offset defense earlier, Tapia's litigation strategy and settlement negotiations with Pierce County may have been impacted.  These "prejudicial consequences" also support denying NaphCare's motion to amend.  *See, e.g., Borges v. Cnty. of Humboldt*, No. 15-CV-00846 YGR, 2017 WL 4552006, at *2 (N.D. Cal. Oct. 12, 2017) (denying motion for offset because of "prejudicial consequences" that untimely assertion may have had on plaintiff's litigation strategy); *Toutov v. Curative Labs Inc.*, No. 2:20-cv-11284-ODW (ASx), 2023 WL 5722637, at *3 (C.D. Cal. Aug. 28, 2023) (while offset did not apply for other reasons, finding prejudice to plaintiffs where defendants moved for offset less than two months before trial, after settlement with other defendants was reached).

Accordingly, NaphCare has failed to show good cause to amend the Court's scheduling order under Rule 16(b). As such, the Court need not reach the issue of the amendment's propriety under Rule 15. *Johnson*, 975 F.2d at 608.

### IV.   CONCLUSION

For the foregoing reasons, NaphCare's motion for leave to file an amended answer is DENIED.

Dated this 14th day of March, 2025.

Kymberly K. Evanson
United States District Judge