1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| JAVIER TAPIA,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>NAPHCARE INC., et al.,<br><br>                    Defendant(s). | CASE NO. C22-1141-KKE<br><br>**ORDER AND COURT'S<br>PROPOSED PRELIMINARY<br>JURY INSTRUCTIONS** |

11
12
13
14
15

On March 3, 2025, the parties proposed their stipulated and disputed jury instructions. Dkt. Nos. 199, 200. Having considered the parties' proposals and arguments, the Court issues the following proposed preliminary jury instructions.

The Court ORDERS the parties to file their objections, if any, to the Court's proposed preliminary jury instructions by **noon on March 21, 2025.**

16
17
18
19
20
21
22
23
24

ORDER AND COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS - 1

Dated this 17th day of March, 2025.

Kymberly K. Evanson
United States District Judge

# INSTRUCTION NO. 1

## DUTY OF JURY (START OF CASE)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties. Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit ("MMJINC"), 2017 Edition, 1.3.

**INSTRUCTION NO. 2**

OUTLINE OF THE TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement. The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

MMJINC, 1.21.

# INSTRUCTION NO. 3

### SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Mr. Javier Tapia brings a claim against NaphCare under a federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

MMJINC, 9.1 (modified).

# INSTRUCTION NO. 4

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves claims brought by a 36-year-old Tacoma resident named Mr. Javier Tapia.  Mr. Tapia is the Plaintiff in this case.  He has sued NaphCare, Inc. ("NaphCare"), a correctional healthcare corporation that Pierce County hired to provide medical care at Pierce County Jail.  In June 2018, Mr. Tapia was arrested and incarcerated at Pierce County Jail.  While detained at Pierce County Jail, Mr. Tapia developed a blood clot in his leg and was ultimately diagnosed with phlegmasia cerulea dolens ("PCD").  Mr. Tapia's leg was amputated below the knee because of the PCD.

Mr. Tapia brings one claim against NaphCare.  He claims that NaphCare violated his rights under the Fourteenth Amendment to the U.S. Constitution by depriving him of adequate medical care while he was in jail, leading to the amputation.  Mr. Tapia claims he is entitled to monetary damages against NaphCare for the harms he suffered.  Mr. Tapia has the burden of proving these claims by a preponderance of the evidence.

NaphCare denies that it violated Mr. Tapia's constitutional right to adequate medical care.  NaphCare also contends that if it is required to pay any monetary damages, the amount should be reduced for Mr. Tapia's failure to mitigate his own harm.  NaphCare has the burden to prove, by a preponderance of the evidence, whether Mr. Tapia failed to mitigate.

Your job will be to decide whether NaphCare, Inc. should be legally responsible for the harms suffered by Mr. Tapia, and if so, how much money NaphCare should be required to pay for his losses.

MMJINC, 1.5 (modified).

**INSTRUCTION NO. 5**

SECTION 1983 CLAIM AGAINST NAPHCARE, INC.

Mr. Tapia claims in this lawsuit that NaphCare violated the U.S. Constitution by maintaining a practice or custom at the Jail that caused Mr. Tapia's suffering and loss of limb.  In order to prevail on this claim, Mr. Tapia must prove each of the following elements by a preponderance of the evidence:

1. NaphCare acted under color of state law;

2. The acts of a NaphCare employee deprived Mr. Tapia of his right to adequate medical care under the Fourteenth Amendment to the U.S. Constitution while he was detained at the Jail (as explained in Instruction No. 6);

3. NaphCare's employee acted pursuant to a widespread or longstanding practice or custom of NaphCare (as explained in Instruction No. 7 and/or 8); and

4. NaphCare's widespread or longstanding practice or custom caused the deprivation of Mr. Tapia's rights; that is, NaphCare's widespread or longstanding practice or custom is so closely related to the deprivation of Mr. Tapia's rights as to be the moving force that caused the ultimate injury (*i.e.*, the delay or denial of adequate medical care).

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have agreed that each NaphCare employee identified in Mr. Tapia's operative pleading was acting under the color of state law.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of NaphCare.  This case concerns three

1    alleged practices or customs.  The elements of each of the practices or customs are described in

2    Instructions No. 7 and No. 8.  In order to prevail, Mr. Tapia need only prove all of the elements

3    for one of the alleged practices or customs.

4

5    MMJINC, 9.5 (modified).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# INSTRUCTION NO. 6

SECTION 1983 CLAIM AGAINST NAPHCARE, INC.—DEPRIVATION OF ADEQUATE MEDICAL CARE

Mr. Tapia sues NaphCare under the Fourteenth Amendment to the U.S. Constitution. Mr. Tapia asserts that NaphCare failed to provide adequate medical care to Mr. Tapia.

To succeed on this claim, Mr. Tapia has the burden of proving each of the following elements by a preponderance of the evidence:

1.  A NaphCare employee made an intentional decision regarding the delay or denial of adequate medical care;

2.  The delay or denial of adequate medical care put Mr. Tapia at substantial risk of suffering serious harm;

3.  The NaphCare employee did not take reasonably available measures to reduce the substantial risk of serious harm, even though a reasonable and trained nurse under the circumstances would have understood the substantial risk of serious harm involved—making the consequences of the employee's conduct obvious; and

4.  By not taking such measures, the NaphCare employee caused Mr. Tapia's injuries.

With respect to the third element, the NaphCare employee's conduct must be objectively unreasonable.

1

**INSTRUCTION NO. 7**

2

SECTION 1983 CLAIM—LPN CUSTOM AND MEDICAL MONITORING BY GUARDS
CUSTOM

3

4

Mr. Tapia claims that NaphCare violated the U.S. Constitution by maintaining three

5

unofficial customs at the Pierce County Jail that caused Mr. Tapia's injuries. This instruction

6

addresses the first two customs: (1) a custom of allowing NaphCare Licensed Practical Nurses

7

("LPNs") to provide care outside the scope of their licensure and (2) a custom of relying on

8

untrained correctional guards to provide medical monitoring for inmates.

9

To prevail on Element #3 of his § 1983 claim (as explained in Instruction No. 5), Mr. Tapia

10

must prove, by a preponderance of the evidence, each of the following elements for either of the

11

alleged unofficial customs:

12

1.  The acts of a NaphCare employee deprived Mr. Tapia of his right to adequate

13

    medical care under the Fourteenth Amendment to the U.S. Constitution while he

14

    was detained at the Jail (as explained in Instruction No. 6);

15

2.  The NaphCare employee's act was pursuant to an unofficial NaphCare practice or

16

    custom (*i.e.*, custom of LPNs acting out of scope *or* relying on untrained

17

    correctional guards to provide medical monitoring for inmates).

18

3.  NaphCare's widespread or longstanding practice or custom caused the deprivation

19

    of Mr. Tapia's rights; that is, NaphCare's widespread or longstanding practice or

20

    custom is so closely related to the deprivation of Mr. Tapia's rights as to be the

21

    moving force that caused the ultimate injury (*i.e.*, the delay or denial of adequate

22

    medical care).

23

Your verdict should be for Mr. Tapia if you find that Mr. Tapia has proved each of these

24

elements for either the LPN custom or the custom of using guards to medically monitor, and if you

find that the plaintiff has proved all the elements under Instructions No. 5 and 6. In order to prevail, Mr. Tapia need only prove all of the elements for one of the alleged practices or customs.

On the other hand, your verdict should be for NaphCare if Mr. Tapia has failed to prove any one or more of these elements, and if Mr. Tapia has failed to prove any one or more of the elements in Instruction No. 8.

1

**INSTRUCTION NO. 8**

2

SECTION 1983 CLAIM—NONCOMMUNICATION CUSTOM

3      Mr. Tapia claims that NaphCare violated the U.S. Constitution by maintaining three

4  unofficial customs at the Pierce County Jail that caused Mr. Tapia's injuries.  This instruction

5  addresses the third custom—a custom of non-communication between Pierce County staff and

6  NaphCare staff.

7      To prevail on Element #3 of his § 1983 claim (as explained in Instruction No. 5) for the

8  alleged custom of noncommunication, Mr. Tapia must prove each of the following elements by a

9  preponderance of the evidence:

10          1.  The acts of a NaphCare employee deprived Mr. Tapia of his right to adequate

11              medical care under the Fourteenth Amendment to the U.S. Constitution while

12              he was detained at the Jail (as explained in Instruction No. 6);

13          2.  The NaphCare employee acted pursuant to an unofficial practice or custom of

14              non-communication between Pierce County and NaphCare staff.

15          3.  NaphCare's unofficial practice of non-communication was insufficient to

16              ensure adequate medical care;

17          4.  NaphCare's unofficial practice of non-communication amounted to deliberate

18              indifference to Tapia's constitutional right to adequate medical care;

19          5.  NaphCare's unofficial practice of non-communication caused the deprivation

20              of Mr. Tapia's Fourteenth Amendment rights; that is, NaphCare's unofficial

21              practice is so closely related to the deprivation of Mr. Tapia's rights as to be

22              the moving force that caused the ultimate injury (*i.e.*, the delay or denial of

23              adequate medical care).

24

1

2    "Deliberate indifference" is the conscious choice to disregard a known or obvious

3    consequence of one's acts or omissions.  Mr. Tapia may prove deliberate indifference in this case

4    by showing that the facts available to NaphCare put it on actual or constructive notice that its

5    failure to communicate with Pierce County was substantially certain to result in delay or denial of

6    adequate medical care.

7        Your verdict should be for Mr. Tapia if you find that Mr. Tapia has proved each of these

8    elements for the noncommunication custom, and if you find that the plaintiff has proved all the

9    elements under Instructions No. 5 and 6.

10        On the other hand, your verdict should be for NaphCare if Mr. Tapia has failed to prove

11    any one or more of these elements, and if Mr. Tapia has failed to prove any one or more of the

12    elements in Instructions No. 7.

13

14

15

16

17

18

19

20

21

22

23

24

# INSTRUCTION NO. 9

## SECTION 1983—BURDEN OF PROOF

When a party has the burden of proving a claim or an affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION NO. 10

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    1. the sworn testimony of any witness;

    2. the exhibits that are admitted into evidence;

    3. any facts to which the lawyers have agreed; and

    4. any facts that I may instruct you to accept as proved.


MMJINC, 1.9.

# INSTRUCTION NO. 11

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

MMJINC, 1.10.

# INSTRUCTION NO. 12

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

MMJINC, 1.12.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## INSTRUCTION NO. 13

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

MMJINC, 1.13.

# INSTRUCTION NO. 14

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand,

if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

MMJINC, 1.14.

# INSTRUCTION NO. 15

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the courtroom deputy). If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the courtroom deputy, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other

1   material. Do not attempt to alter the computer to obtain access to such materials. If you discover

2   that the computer provides or allows access to such materials, you must inform the court

3   immediately and refrain from viewing such materials. Do not remove the computer or any

4   electronic data or disk from the jury room, and do not copy any such data.

6   MMJINC, 2.16.

# INSTRUCTION NO. 16

## EXPERT OPINION

You may hear testimony from witnesses who testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses. Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

# INSTRUCTION NO. 17

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court. Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or

anything to do with it (although I have no information that there will be news reports about this case); do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.


MMJINC, 1.15.

# INSTRUCTION NO. 18

## NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

MMJINC, 1.17.

# INSTRUCTION NO. 19

TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

MMJINC, 1.18.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## INSTRUCTION NO. 20

### BENCH CONFERENCES AND RECESS

From time to time during the trial, it may be necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

MMJINC, 1.20.

# INSTRUCTION NO. 21

## COMPENSATORY DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered for the claims with respect to NaphCare.

If you find for Mr. Tapia, then you must decide Mr. Tapia's damages. Damages means the amount of money that will reasonably and fairly compensate Mr. Tapia for any injury you find was caused by NaphCare. Mr. Tapia has the burden of proving damages by a preponderance of the evidence.

In determining the measure of compensatory damages, you should consider the following:

- The nature and extent of the injuries caused;

- The loss of enjoyment of life experienced by Mr. Tapia; and

- The physical, mental, and emotional pain and suffering experienced by Mr. Tapia.

It is your job to decide what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

The law has not furnished us with any fixed standards by which to measure noneconomic damages. With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by these instructions.


MMJINC, 5.1, 5.2 (modified).

# INSTRUCTION NO. 22

## PUNITIVE DAMAGES

If your verdict is for Mr. Tapia on his Section 1983 claim against NaphCare, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

Mr. Tapia has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages against NaphCare only if you find that NaphCare's conduct that harmed Mr. Tapia was also in reckless disregard of his rights.  Conduct is in reckless disregard of a person's rights if, under the circumstances, it reflects a complete indifference to the person's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate a person's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed Mr. Tapia was particularly reprehensible because it also posed a substantial risk of harm to people who are not parties to this case.  You may also consider NaphCare's financial condition and its total wealth.  In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Mr. Tapia.

You may not, however, set the amount of any punitive damages to punish the defendant for harm to anyone other than Mr. Tapia.

MMJINC, 5.5 (modified); *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005)

# INSTRUCTION NO. 23

### NAPHCARE'S AFFIRMATIVE DEFENSE—MITIGATION

Mr. Tapia has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.  NaphCare has the burden of proving the following two elements by a preponderance of the evidence:

1. Mr. Tapia failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.


MMJINC, 5.3 (modified).