UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAVIER TAPIA,<br><br>　　　　　　Plaintiff(s),<br><br>　v.<br><br>NAPHCARE INC., et al.,<br><br>　　　　　　Defendant(s). | CASE NO. C22-1141-KKE<br><br>ORDER DENYING DEFENDANT'S MOTION TO SEAL |

NaphCare filed a motion to seal two exhibits attached to the declaration of Connie Young, submitted in support of NaphCare's consolidated post-trial motion, and to redact references to those exhibits contained in Young's declaration itself as well as NaphCare's post-trial motions. Dkt. No. 325. The exhibits consist of NaphCare's 2024 profit and loss statement across the entire company, as well as a summary of its profits and losses for seven years (2017–2023) under NaphCare's contract with Pierce County. *See* Dkt. No. 328 at 23–24, 26. The exhibits were not produced in discovery, nor were they referenced during trial. Dkt. No. 334 at 1–2.

NaphCare argues that these exhibits and references to them must be protected from public view because they contain "sensitive business data" that would cause "significant harm" to NaphCare if released. Dkt. No. 325 at 2. NaphCare suggests that its "competitors or others could use that information to harm NaphCare." *Id*. at 3. NaphCare also notes that this information is designated "confidential" by the parties' agreed protective order. Dkt. No. 337 at 3.

ORDER DENYING DEFENDANT'S MOTION TO SEAL - 1

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 587, 597 & n.7 (1978)); *see also* Local Rule W.D. Wash LCR 5(g) ("There is a strong presumption of public access to the court's files."). The Court treats judicial records attached to dispositive motions differently from records attached to non-dispositive motions:

> Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180. "In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id*.

Here, NaphCare's motion to seal relies on cases where courts have sealed "sensitive business information" such as business strategy and transactions; corporate structure; compensation and salary information; expert analysis of a company's revenues, expenses, and profit calculations; contracts with third parties; and discussion of a party's product's technical development. *See Raner v. Fun Pimps Entertainment LLC*, No. 3:22-cv-05718-TMC, 2024 WL 1049964, at *3 (W.D. Wash. Mar. 11, 2024) (granting an unopposed motion to seal where the moving party submitted a declaration from defendant's CEO as to the risk of injury if the

ORDER DENYING DEFENDANT'S MOTION TO SEAL - 2

information is made public); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 1329921 (N.D. Cal. Mar. 27, 2024). Although these cases include a party's "finances" in a list of confidential business information that can be sealed, in this case, NaphCare seeks to seal only financial profit and loss statements, without providing evidence or even argument as to how this type of financial information, standing alone, is likely to be misused by a competitor. This conclusory argument does not overcome the presumption in favor of public access to court documents. *See, e.g.*, *B2B CFO Partners, LLC v. Kaufman*, No. CV 09-2158-PHX-JAT, 2011 WL 6297930, at *2 (D. Ariz. Dec. 16, 2011) (denying a stipulated motion to seal defendant's profit and loss statements submitted along with dispositive motion because the parties did not explain how these "statements, which basically list standard business deductions, could give an advantage to competitors").

Moreover, NaphCare stated in its reply brief that if the Court wished to rely on the financial information in granting its post-trial motions in a published order, NaphCare "is willing to waive its claim of confidentiality." Dkt. No. 337 at 4. This concession casts doubt on the sincerity of NaphCare's concern that its financial information could be misused if it were made public. Under these circumstances, where NaphCare has not articulated how its financial information is likely to be misused by a competitor, and where it is willing to forgo any protection for this information if it would be helpful to its litigation position, the Court finds that NaphCare has failed to provide compelling reasons why this information submitted in support of a dispositive motion should be shielded from public view.

NaphCare's arguments to the contrary notwithstanding (Dkt. No. 337 at 3), that the Court previously granted an unopposed motion to seal *other* sensitive business data of NaphCare's (*e.g.*, a confidential audit, compensation information, corporate governance/structure information, and contracts with non-parties), which was submitted in support of a non-dispositive discovery motion,

does not undermine this conclusion, given the different legal standard and the different type of information at issue. *See* Dkt. No. 165 at 1. Because the Court finds that NaphCare has not shown compelling reasons to protect the financial information it submitted in support of its post-trial motions, NaphCare's motion to seal (Dkt. No. 326) is DENIED.

Dated this 7th day of August, 2025.

Kymberly K. Evanson
United States District Judge